THE HONORABLE JAMES L. ROBART

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

CLOANTO CORPORATION, a Nevada
Corporation

                Plaintiff,

    vs.

HYPERION ENTERTAINMENT C.V.B.A.,

                Defendants.

No. 2:18−cv−00535−JLR

ANSWER OF DEFENDANT HYPERION

ANSWER OF DEFENDANT HYPERION
CASE No. 2:18−cv−00535−JLR

LEE & HAYES, PLLC
701 Pike Street, Ste. 1600
Seattle, WA 98101
Telephone: (206) 315-4001 Fax: (509) 323-8979

1  Defendant, Hyperion Entertainment C.V.B.A. ("Hyperion"), answering the Complaint of

2  Plaintiff Cloanto Corporation ("Cloanto"), states and alleges as follows.  For clarity, as to each

3  numbered paragraph in the Complaint, Hyperion has set forth below the Complaint allegation,

4  followed by its response:

5        1.     This is an action for copyright infringement, trademark infringement, unfair

6  competition, and declaratory and injunctive relief under the United States Copyright Act of 1976,

7  as amended, 17 U.S.C. § 101, *et seq*., the Lanham Act, 15 U.S.C. § 1119 and § 1125(a), based on

8  Defendant's unlawful appropriation, exploitation, and commercial distribution and use of

9  Plaintiff's AMIGA Kickstart ROM, Version 1.3 computer code (hereinafter "Kickstart 1.3"), and

10  Defendant's unlawful appropriation and use of the AMIGA trademark.

11  **RESPONSE**: **This paragraph does not appear to be intended to set forth specific**

12  **allegations of fact requiring a response; to the extent such allegations are intended,**

13  **Hyperion denies them.**

14        2.     Plaintiff further seeks an order from this Court (a) pursuant to the Declaratory

15  Judgment Act, 28 U.S.C. § 2201(a), declaring that Defendant is not the rightful owner of, and has

16  no right to register, the marks AMIGAONE, AMIGAOS and the so-called "Boing Ball" design

17  mark, which are the subject of pending applications in the United States Patent and  Trademark

18  Office ("USPTO"), Application Nos. 87329448, 87329431, and 87329469, respectively, and (b)

19  directing the USPTO, Trademark Trial and Appeal Board ("TTAB"), to deny Defendant's Notice

20  of Opposition No. 91237628, filed on November 6, 2017, opposing registration by Plaintiff of

21  the AMIGA trademark.

22  **RESPONSE: This paragraph does not appear to be intended to set forth specific**

23  **allegations of fact requiring a response; to the extent such allegations are intended,**

24  **Hyperion denies them.**

25

26

ANSWER OF DEFENDANT HYPERION - 1
CASE No. 2:18−cv−00535−JLR

LEE & HAYES, PLLC
701 Pike Street, Ste. 1600
Seattle, WA 98101
Telephone: (206) 315-4001 Fax: (509) 323-8979

3.      Plaintiff Cloanto Corporation is a corporation organized and existing under the laws of the State of Nevada, with an address at 5940 S. Rainbow Blvd., Suite 400 #67834, Las Vegas, NV 891187-2507.

**RESPONSE: Hyperion is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph 3, and therefore denies them.**

4.      Since 1997, Plaintiff is the world leader in software that allows modern hardware and operating systems to emulate legacy AMIGA hardware and to run AMIGA operating systems ("Amiga OS's") prior to Amiga OS 4, as well as AMIGA applications and games.

**RESPONSE: Hyperion denies the allegations in this paragraph 4.**

5.      Since 1999, Plaintiff has operated the website, www.amigaforever.com, selling its own emulation software, cross-platform networking software, and native AMIGA software.

**RESPONSE: Hyperion is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph 5, and therefore denies them.**

6.      Upon information and belief, defendant Hyperion Entertainment C.V.B.A. is a limited liability cooperative company organized and existing under the laws of Belgium, with an address at Avenue de Tervueren 34, Brussels 1040, Belgium.

**RESPONSE: Hyperion admits the allegations in this paragraph 6.**

7.      Subject matter jurisdiction over the copyright and trademark claims is conferred upon the Court pursuant to the United States Copyright Act of 1976, 17 U.S.C. § 101 et seq. (the "Copyright Act"), the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1338, 1367 and 2201 (the Federal Declaratory Judgment Act).

**RESPONSE: Responding to the allegations in this paragraph 7, Hyperion admits that this court has subject matter jurisdiction over copyright and trademark claims pursuant to the cited federal statutes.**

8.      Venue is proper pursuant to 28 U.S.C. §§ 1391 because a substantial part of the events or omissions giving rise to the claims in this Complaint occurred in this district. In

ANSWER OF DEFENDANT HYPERION - 2
CASE No. 2:18−cv−00535−JLR

LEE & HAYES, PLLC
701 Pike Street, Ste. 1600
Seattle, WA 98101
Telephone: (206) 315-4001 Fax: (509) 323-8979

addition, Defendant willfully infringed on Plaintiff's copyright and trademark in this district,

causing harm that the Defendant knew was likely to be suffered in this district.

> **RESPONSE: Responding to the allegations of this paragraph 8, Hyperion denies any allegation of infringement or willful infringement, denies Cloanto has suffered any harm by Hyperion's acts, admits that venue is proper in this judicial district, and denies every other allegation in said paragraph 8.**

9.      Pursuant to copyright assignments in 2011 and 2012, Plaintiff acquired ownership of the copyright in and to Kickstart 1.3, an AMIGA program whose copyright was registered on September 6, 1991, TX0003282574.

> **RESPONSE: Hyperion is without information or knowledge to form a belief as to the truth of the allegations in this paragraph 9, and therefore denies them.**

10.      Kickstart 1.3 may be used to run a majority of AMIGA games created and sold prior to 1994, and some of them cannot run without it.

> **RESPONSE: Responding to the allegations of this paragraph 10, Hyperion states that the allegations in the paragraph are vague and nonspecific as to what is meant by "AMIGA games," and "some of them," and on that basis denies them; Hyperion admits that Kickstart 1.3 may be used as a component of certain applications run on Amiga systems.**

11.      In or around 1997, Plaintiff's predecessor-in-interest entered into an agreement with a predecessor of Amiga, Inc., called Amiga International,[1] whereby Plaintiff was granted the worldwide, perpetual right and license: (a) to copy, distribute, market and sell the object code of all then-existing Amiga OS's, including OS 0.7 through OS 3.1 (and including subsequent updates),[2] in connection with Plaintiff's emulation software and all "classic" AMIGA

---

[1] The Amiga assets were transferred in or around late 1999 to Amiga, Inc., a Washington corporation, and in or around 2003 or 2004, Amiga, Inc., a Delaware corporation.
[2] Amiga OS 4, which was based on Amiga OS 3.1, was developed by Defendant's predecessor in the mid-2000s under contract with Amiga, Inc.'s predecessor.

ANSWER OF DEFENDANT HYPERION - 3
CASE No. 2:18−cv−00535−JLR

LEE & HAYES, PLLC
701 Pike Street, Ste. 1600
Seattle, WA 98101
Telephone: (206) 315-4001 Fax: (509) 323-8979

applications and games; and (b) to use the AMIGA name and trademark, and the Boing Ball

Mark, in connection with all of the foregoing. The Agreement required payment by Cloanto of

approximately 20,000 Deutschmarks (the "Contract Payment"), payable in quarterly sums related

to Cloanto's sales until satisfied.

> **RESPONSE: Hyperion is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph 11, and therefore denies them.**

12.     By 1999, when the Amiga assets were transferred to Amiga, Inc. (Washington),

Cloanto had paid nearly all of the Contract Payment. At that point, Cloanto and Amiga's

principal, Bill McEwan, negotiated and entered into an agreement whereby Cloanto granted to

Amiga the right to include Cloanto's Personal Paint software in Amiga's upcoming OS 4 in

satisfaction of the remainder of the Contract Payment.

> **RESPONSE: Hyperion is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph 12, and therefore denies them**.

13.     Plaintiff has used the AMIGA trademark and Boing Ball Mark continuously in

commerce in the United States since 1997.

> **RESPONSE: Hyperion is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph 13, and therefore denies them.**

14.     Plaintiff has used the AMIGA trademark substantially exclusively in commerce

in the United States since 2012. As the result of such substantially exclusive use, Plaintiff is

deemed to be the owner of the AMIGA trademark.

> **RESPONSE: Hyperion denies the allegations in this paragraph 14.**

15.     On or about September 30, 2009, Amiga, Inc., the former owner of the AMIGA

trademark (i.e., the now-cancelled U.S. Reg. Nos., 2802748 and 1401045), together with other

ANSWER OF DEFENDANT HYPERION - 4
CASE No. 2:18−cv−00535−JLR

LEE & HAYES, PLLC
701 Pike Street, Ste. 1600
Seattle, WA 98101
Telephone: (206) 315-4001 Fax: (509) 323-8979

parties-in-interest, entered into a Settlement Agreement (the "Settlement Agreement") with Defendant, whereby Defendant was granted the following rights under Section 1, without prejudice to any "Existing License Agreements:"

(a)    the right of sole ownership in Amiga OS 4, except to the extent that its source code incorporated that of Amiga OS 3.1;

(b)    an exclusive (but subject to the rights granted to Plaintiff), perpetual, worldwide and royalty-free, transferable right and license to Amiga OS 3.1 for certain purposes; and

(c)    solely for purposes of marketing and distributing Amiga OS 4 and any hardware required or desired to operate it, (i) an exclusive, perpetual, worldwide and royalty-free, transferable right and license to use the marks AMIGAOS, AMIGA OS, AMIGAONE, AND AMIGA ONE (the "Exclusive Licensed Marks"), and (ii) a non-exclusive, perpetual, worldwide and royalty free right and license to use the Boing Ball Mark. (The Exclusive Licensed Marks and Boing Ball Mark are collectively referred to herein as the "Hyperion Licensed Marks").

**RESPONSE: Hyperion admits that it entered into a settlement agreement in September 2009 and affirmatively states that the agreement speaks for itself. On that basis, Hyperion denies the allegations of this paragraph 15 to the extent they are inconsistent with a proper interpretation of the 2009 Settlement Agreement. All other allegations in this paragraph 15 are denied.**

16.    The Settlement Agreement did not grant to Defendant any right in any AMIGA software created or distributed prior to 1994.

**RESPONSE: Hyperion denies the allegations of this paragraph 16.**

17.    The Settlement Agreement did not grant to Defendant any right, exclusive or non- exclusive, to use the mark AMIGA.

**RESPONSE: Hyperion denies the allegations of this paragraph 17.**

ANSWER OF DEFENDANT HYPERION - 5
CASE No. 2:18−cv−00535−JLR

LEE & HAYES, PLLC
701 Pike Street, Ste. 1600
Seattle, WA 98101
Telephone: (206) 315-4001 Fax: (509) 323-8979

18.     The Settlement Agreement granted to Defendant the right to use the Hyperion Licensed Marks only in connection with Amiga OS 4, and not with Amiga OS 3.1 or any prior Amiga OS.

**RESPONSE: Hyperion denies the allegations of this paragraph 18.**

19.     Upon information and belief, the reason why Defendant was not granted any right to use the Hyperion Licensed Marks – or any other AMIGA trademark – in connection with Amiga OS 3.1 was to limit use of Amiga OS 3.1 to developing and improving Amiga OS 4. In other words, the limited grant of trademark rights in the Settlement Agreement prevents Defendant from lawfully selling or distributing Amiga OS 3.1 (or any prior OS), or developing and commercializing emulation software for running Amiga OS 3.1 (or any prior OS).

**RESPONSE: Hyperion denies the allegations of this paragraph 19.**

20.      However, in a bad faith attempt to circumvent the contractual limitations on the grant of rights in the Settlement Agreement, Defendant recently began selling Amiga OS 3.1 under the misleading name, "New Hyperion 3.1 Kickstart ROM."

**RESPONSE: Hyperion denies the allegations of this paragraph 20.**

21.     Plaintiff's affiliated company, Cloanto Italia srl, was not a party to the Settlement Agreement.

**RESPONSE: Hyperion admits the allegations of this paragraph 21.**

22.     Although neither Plaintiff nor its predecessor was a signatory to the Settlement Agreement, and Plaintiff is therefore not bound by it, section 2 of that agreement purports to prevent any licensee of Amiga, Inc. (including, purportedly, Plaintiff), from challenging in any action "Hyperion's use, marketing, licensing or sublicensing of the AMIGA OS 3.1 or AmigaOS 4 operating system, or "Hyperion's use" of the Hyperion Licensed Marks, "unless the challenged activity constitutes a material breach of this Agreement."

LEE & HAYES, PLLC
701 Pike Street, Ste. 1600
Seattle, WA 98101
Telephone: (206) 315-4001 Fax: (509) 323-8979

**RESPONSE: Responding to this paragraph 22, Hyperion states that the agreement speaks for itself, and to the extent these allegations are inconsistent with a proper interpretation of the 2009 Settlement Agreement, Hyperion denies them.**

23.      Section 2 of the Settlement Agreement also prevents Defendant from "challenging …(iii) the use and/or ownership of any "Amiga" trademark (other than [the Hyperion Licensed Marks]) by … any licensee ... unless the challenged activity constitutes a material breach of this Agreement by ... a licensee of the licenses granted to Hyperion pursuant to this Agreement.

**RESPONSE: Responding to this paragraph 23, Hyperion states that the agreement speaks for itself, and to the extent these allegations are inconsistent with a proper interpretation of the 2009 Settlement Agreement, Hyperion denies them.**

24.      Upon information and belief, section 2 of the Settlement Agreement did not intend to expand the grant of rights to Defendant by allowing Defendant to market, license or sublicense Amiga OS 3.1. Rather, read in conjunction with the limited grant of trademark rights in section 1(c) of the Settlement Agreement, section 2 must refer to Defendant's use of Amiga OS 3.1, and its use, marketing, licensing or sublicensing of Amiga OS 4.

**RESPONSE: Responding to this paragraph 22, Hyperion states that the agreement speaks for itself, and to the extent these allegations are inconsistent with a proper interpretation of the 2009 Settlement Agreement, Hyperion denies them.**

25.      In or around 2016, Defendant began distributing, marketing and selling, and continues to distribute, market and sell, in this district and elsewhere, CD-ROMs with various editions of Amiga OS 4.1, each of which includes Plaintiff's Kickstart 1.3 (the "Infringing CD-ROMs").

**RESPONSE: Responding to the allegations of this paragraph 25, Hyperion admits that it markets and distributes CD-ROMs that include Amiga OS 4.1, admits that Kickstart 1.3 is included in Hyperion's licensed software architecture, denies that**

LEE & HAYES, PLLC
701 Pike Street, Ste. 1600
Seattle, WA 98101
Telephone: (206) 315-4001 Fax: (509) 323-8979

**Kickstart 1.3 can be categorized as "Plaintiff's Kickstart 1.3," denies that it distributes any "Infringing CD-ROMs" and denies every other allegation of this paragraph 25.**

26.     Upon information and belief, Amiga On The Lake, LLC, the business through which Defendant sells the Infringing CD-ROMs in the United States, is located in this district and maintains an address at 296 E. 2nd Street, Oswego, New York 13126.

**RESPONSE: Hyperion denies the allegations of this paragraph 26.**

27.     Defendant never acquired any right to copy, distribute or sell Kickstart 1.3.

**RESPONSE: Hyperion denies the allegations of this paragraph 27.**

28.     Plaintiff never authorized Defendant to copy, distribute or sell Kickstart 1.3.

**RESPONSE: Hyperion admits the allegations of this paragraph 28, but affirmatively states that no such authorization is required or has ever been required.**

29.     Defendant willfully and intentionally infringed Plaintiff's copyrights by making copies of, and distributing and selling the Infringing CD-ROMs, as well as offering and selling Kickstart 1.3 as a download.

**RESPONSE: Hyperion denies the allegations of this paragraph 29.**

30.     Defendant's copying, distribution and sale of Plaintiff's Kickstart 1.3 also constitutes a breach by Defendant of the Settlement Agreement.

**RESPONSE: Hyperion denies the allegations of this paragraph 30.**

31.     Kickstart 1.3 displays the AMIGA trademark when users access that program until a bootable medium containing the disk-based portion of Amiga OS 1.3 (or lower) is inserted. Kickstart 1.3 does not function with the disk-based portion of either Amiga OS 4 or Amiga OS 3.1.

**RESPONSE: Responding to the allegations of this paragraph 31, Hyperion is without information or knowledge sufficient to form a belief as to what Plaintiff means by "disk-based portion," and Hyperion denies that the term "Amiga" appears in a**

ANSWER OF DEFENDANT HYPERION - 8
CASE No. 2:18−cv−00535−JLR

LEE & HAYES, PLLC
701 Pike Street, Ste. 1600
Seattle, WA 98101
Telephone: (206) 315-4001 Fax: (509) 323-8979

1  **trademark sense, and on these bases Hyperion denies these allegations.  Hyperion**

2  **further objects to the allegations as vague.**

3     32.     Defendant's use of the AMIGA trademark in conjunction with Kickstart 1.3

4  constitutes infringement on Plaintiff's rights in that mark, as well as a breach of the Settlement

5  Agreement.

6     **RESPONSE: Hyperion denies the allegations of this paragraph 32.**

7     33.     On January 2, 2017, Plaintiff filed on an intent-to-use basis, Application Serial

8  No. 87287078, for AMIGA, covering "Computer game programs; Computer game software

9  downloadable from a global computer network; Computer hardware; Computer hardware and

10  computer peripherals; Computer operating programs; Computer operating software; Computer

11  operating systems; Computer programs for video and computer games; Computer software for

12  emulating computer hardware, emulating computer operating systems on personal computers and

13  mobile devices and instructional user guides sold as a unit; Computer software for emulating

14  computer hardware, emulating computer operating systems on personal computers and mobile

15  devices that may be downloaded from a global computer network; Computer software for

16  emulating computer hardware, emulating computer operating systems on personal computers and

17  mobile devices; Computer software platforms for emulating computer hardware and computer

18  operating systems; Computer software, namely, game engine software for video game

19  development and operation; Computer software for emulating computer hardware and computer

20  operating systems that may be downloaded from a global computer network; Digital media,

21  namely, pre-recorded video cassettes, digital video discs, digital versatile discs, downloadable

22  audio and video recordings, DVDs, and high definition digital discs featuring software, games,

23  music, videos, text, ebooks; Downloadable computer game software via a global computer

24  network and wireless devices" in Class 9 (the "'078 Application").

25     **RESPONSE: Responding to the allegations in this paragraph 33, Hyperion states**

26  **that the USPTO records appear to be consistent with the allegations of paragraph 33**

ANSWER OF DEFENDANT HYPERION - 9
CASE No. 2:18−cv−00535−JLR

1   **with respect to the serial number, mark, filing date, identification of goods, and**

2   **Applicant name, but show a different address for the Applicant than that indicated**

3   **in Paragraph 3 of this Complaint, so Hyperion is without information or knowledge**

4   **sufficient to form a belief as to the truth of the remaining allegations in this**

5   **paragraph 33, and therefore denies them.**

6       34.    Plaintiff's '078 Application was published for opposition on May 9, 2017.

7   Defendant obtained a 90-day extension to file a Notice of Opposition and then requested, and was

8   granted by Plaintiff, an additional 60-day extension, the maximum extension permissible by the

9   TTAB.

10  **RESPONSE: Hyperion admits the allegations in this paragraph 34 with respect to**

11  **the'078 Application, but to the extent categorized as "Plaintiff's '078 Application," is**

12  **without information or knowledge sufficient to form a belief as to whether the**

13  **Applicant at the listed address is the same entity as Plaintiff and therefore denies the**

14  **same, and to the extent the possessive "Plaintiff's" is intended as a characterization**

15  **of rightful ownership, denies that Plaintiff is the rightful owner of any rights in the**

16  **mark AMIGA.**

17      35.    On November 6, 2017, Defendant filed Opposition No. 91237628, claiming that

18  Plaintiff's applied-for AMIGA trademark was confusingly similar to two of the Hyperion

19  Licensed Marks, AMIGAONE (Application Serial No. 87329448) and AMIGAOS (Application

20  Serial No. 87329431), both filed on an intent-to-use basis on February 8, 2017, a month after

21  Plaintiff's '078 Application.

22  **RESPONSE: Hyperion admits the allegations in this paragraph 35 that it filed the**

23  **subject Applications and Opposition making, *inter alia*, the subject claim on the**

24  **subject dates, and that the Applications and Opposition were assigned the subject**

25  **numbers, but to the extent categorized as "Plaintiff's '078 Application," is without**

26  **information or knowledge sufficient to form a belief as to whether the Applicant at**

LEE & HAYES, PLLC
701 Pike Street, Ste. 1600
Seattle, WA 98101
Telephone: (206) 315-4001 Fax: (509) 323-8979

**the listed address is the same entity as Plaintiff and therefore denies the same, and to the extent the possessive "Plaintiff's" is intended as a characterization of rightful ownership, denies that Plaintiff is the rightful owner of any rights in the mark AMIGA.**

36.    Also on February 8, 2017, Defendant filed Application Serial No. 87329469 for the Boing Ball Mark on an intent-to-use basis.

**RESPONSE: Hyperion admits the allegations in this paragraph 36.**

37.    Plaintiff has used the Boing Ball Mark since 1997. The Settlement Agreement did not grant Defendant any rights to register the Hyperion Licensed Marks. Solely in connection with Amiga OS 4, Defendant was granted (i) the limited exclusive right to <u>use</u> AMIGAONE and AMIGAOS, and (ii) the limited non-exclusive right to use the Boing Ball Mark. Neither of the foregoing grant of rights included the right to claim ownership of, or registration of any of the Hyperion Licensed Marks.

**RESPONSE: Responding to this paragraph 37, Hyperion states that the agreement speaks for itself, and to the extent these allegations are inconsistent with a proper interpretation of the 2009 Settlement Agreement, Hyperion denies them. All other allegations in this paragraph are denied.**

38.    Plaintiff realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 37 of this Complaint.

**RESPONSE: Hyperion incorporates its above responses to the allegations of Complaint paragraphs 1-37.**

39.    Defendant's copying, offering for sale, distribution and sale of Kickstart 1.3 without Plaintiff's permission constitute copyright infringement under 17 U.S.C. § 501, *et seq*.

**RESPONSE: Hyperion denies the allegations of this paragraph 39.**

40.    Defendant' acts of copyright infringement were willful.

**RESPONSE: Hyperion denies the allegations of this paragraph 40.**

ANSWER OF DEFENDANT HYPERION - 11
CASE No. 2:18−cv−00535−JLR

LEE & HAYES, PLLC
701 Pike Street, Ste. 1600
Seattle, WA 98101
Telephone: (206) 315-4001 Fax: (509) 323-8979

1    41.    As a consequence of Defendant's copyright infringement as alleged in this

2    Complaint, Plaintiff has suffered and will continue to suffer damages in an amount to be

3    determined at trial. In addition, unless Defendant is restrained from engaging in its infringing

4    conduct, Plaintiff will be irreparably harmed.

5         **RESPONSE: Hyperion denies the allegations of this paragraph 41.**

6    42.    Because the copyright of Kickstart 1.3 was registered long prior to the

7    commencement of Defendant's infringing conduct, Plaintiff is entitled to statutory damages and

8    legal fees.

9         **RESPONSE: Hyperion denies the allegations of this paragraph 42.**

10    43.    Plaintiff realleges and incorporates by reference each of the allegations

11    contained in paragraphs 1 through 42 of this Complaint.

12        **RESPONSE: Hyperion incorporates its above responses to Complaint paragraphs 1-**

13        **42.**

14    44.    Defendant has knowingly and willfully used the AMIGA trademark to which

15    Plaintiff has exclusive rights, in an unlawful effort to create the false impression that Defendant

16    has the right to use that trademark, as well as to appropriate to itself the goodwill associated with

17    the AMIGA trademark.

18        **RESPONSE: Hyperion denies the allegations of this paragraph 44.**

19    45.    Defendant's unlawful acts in appropriating the aforesaid exclusive rights of

20    Plaintiff were and are intended to capitalize on Plaintiff's goodwill for Defendants' own

21    pecuniary gain.

22        **RESPONSE: Hyperion denies the allegations of this paragraph 45.**

23    46.    Defendant's unlawful use of the AMIGA trademark is (a) calculated to confuse,

24    deceive and mislead consumers into believing that the Infringing CD-ROMs originated or are

25

26

ANSWER OF DEFENDANT HYPERION - 12
CASE No. 2:18−cv−00535−JLR

LEE & HAYES, PLLC
701 Pike Street, Ste. 1600
Seattle, WA 98101
Telephone: (206) 315-4001 Fax: (509) 323-8979

authorized by Plaintiff, and (b) have likely caused and are likely to continue to cause confusion as to the source of the Infringing CD-ROMs, to Plaintiff's detriment.

**RESPONSE: Hyperion denies the allegations of this paragraph 46.**

47.     Defendant's acts complained of herein constitute unfair competition which, unless enjoined by the Court, will result in (a) damage to and destruction and/or diversion of Plaintiff's goodwill in the AMIGA trademark, and (b) unjust enrichment of Defendant.

**RESPONSE: Hyperion denies the allegations of this paragraph 47.**

48.     Plaintiff realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 47 of this Complaint.

**RESPONSE: Hyperion incorporates its above responses to Complaint paragraphs 1-47.**

49.     The conduct of Defendant complained of in this Complaint constitutes the use of symbols or devices, or a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, mistake or deception regarding the rights of Plaintiff and Defendant in and to the use of the AMIGA trademark, and to the distribution and sale of AMIGA legacy operating systems and applications.

**RESPONSE: Hyperion denies the allegations of this paragraph 49.**

50.     While Plaintiff has the right to use, and has continuously used, the AMIGA trademark in commerce in the United States since 1997, Defendant has no rights whatsoever to use the AMIGA trademark, its rights being entirely limited to the Hyperion Licensed Marks, and then only in connection with the distribution and sale of Amiga OS 4.

**RESPONSE: Hyperion denies the allegations of this paragraph 50.**

51.     Defendant has always been aware that it has no rights to use the AMIGA trademark and, in fact, avoided doing so until it began copying, distributing and selling Plaintiff's copyrighted Kickstart 1.3.

ANSWER OF DEFENDANT HYPERION - 13
CASE No. 2:18−cv−00535−JLR

LEE & HAYES, PLLC
701 Pike Street, Ste. 1600
Seattle, WA 98101
Telephone: (206) 315-4001 Fax: (509) 323-8979

1    **RESPONSE: Hyperion denies the allegations of this paragraph 51.**

2        52.      Plaintiff has, since 1997, distributed and sold Amiga OS 3.1 together with its

3    emulation software, and was granted the use of the AMIGA trademark in connection therewith.

4    By contrast, Defendant was not granted the right to distribute or sell Amiga OS 3.1, or use the

5    AMIGA trademark or even the Hyperion Licensed Marks in connection with any use of Amiga

6    OS 3.1, and is now distributing Amiga OS 3.1 as a falsely designated "Hyperion" operating

7    system, making it appear to the public that Defendant is the owner and source of Amiga OS 3.1.

8        **RESPONSE: Hyperion denies the allegations of this paragraph 52, and as to the**

9        **allegations of Plaintiff's sales, Hyperion is without information or knowledge**

10       **sufficient to form a belief as to the truth of said allegations, and therefore denies**

11       **them.**

12       53.      Furthermore, by distributing Kickstart 1.3, which displays the AMIGA

13    trademark to users, Defendant has falsely presented itself as authorized to use the AMIGA

14    trademark.

15       **RESPONSE: Hyperion denies the allegations of this paragraph 53, and Hyperion**

16       **affirmatively states that it has all necessary licenses and other authorizations to use**

17       **any intellectual property rights embodied in products it distributes.**

18       54.      Defendant's conduct was undertaken willfully and with intent to cause

19    confusion, mistake and deception on the part of the public.

20       **RESPONSE: Hyperion denies the allegations of this paragraph 54.**

21       55.      By engaging in the acts and omissions complained of in this Complaint,

22    Defendant has substantially damaged Plaintiff's business reputation and good will.

23       **RESPONSE: Hyperion denies the allegations of this paragraph 55.**

24       56.      Defendant's conduct has caused and, unless enjoined, will continue to cause

25    irreparable harm and injury to Plaintiff's business reputation and good will for which there is no

26    adequate remedy at law.

ANSWER OF DEFENDANT HYPERION - 14
CASE No. 2:18−cv−00535−JLR

LEE & HAYES, PLLC
701 Pike Street, Ste. 1600
Seattle, WA 98101
Telephone: (206) 315-4001 Fax: (509) 323-8979

1    **RESPONSE: Hyperion denies the allegations of this paragraph 56.**

2    57.    Defendant's conduct has also caused and, unless enjoined, will continue to cause

3    inevitable public confusion for which there is no adequate remedy at law.

4    **RESPONSE: Hyperion denies the allegations of this paragraph 57.**

5    58.    Pursuant to 15 U.S.C. § 1116, Plaintiff is entitled to injunctive relief to enjoin

6    Defendant from using the AMIGA trademark and the false "Hyperion" designation.

7    **RESPONSE: Hyperion denies the allegations of this paragraph 58.**

8    59.    Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover damages in an

9    amount to be determined at trial.

10    **RESPONSE: Hyperion denies the allegations of this paragraph 59.**

11    60.    Defendant's acts of unfair competition as alleged herein constitute an

12    exceptional case and were undertaken willfully, thereby entitling Plaintiff to receive three times

13    its actual damages and to an award of attorneys' fees under 15 U.S.C. §§ 1117(a) and (b).

14    **RESPONSE: Hyperion denies the allegations of this paragraph 60.**

15    61.    Plaintiff realleges and incorporates by reference each of the allegations

16    contained in paragraphs 1 through 60 of this Complaint.

17    **RESPONSE: Hyperion incorporates its above responses to Complaint paragraphs 1-**

18    **60.**

19    62.    Defendant's Opposition is premised on two falsehoods: first, that Defendant has

20    the right to use the AMIGA trademark, and second, that the Hyperion Licensed Marks are

21    confusingly similar to the AMIGA trademark.

22    **RESPONSE: Hyperion denies any allegations of this paragraph 62 that state the**

23    **premise of Hyperion's Opposition, and affirmatively states that the allegations of the**

24    **Opposition speak for themselves, such that Hyperion denies any allegations in this**

25    **paragraph 62 that are inconsistent with a proper reading of Hyperion's Opposition.**

26

ANSWER OF DEFENDANT HYPERION - 15
CASE No. 2:18−cv−00535−JLR

63.      By entering into the Settlement Agreement with Amiga, Inc. and other parties-in- interest, Defendant accepted the distinction between the Hyperion Licensed Marks and other "Amiga" trademarks, including AMIGA alone, and also recognized Plaintiff's prior rights.

**RESPONSE: Hyperion denies the allegations of this paragraph 63.**

64.      The Settlement Agreement expressly precludes Defendant from claiming that AMIGA is confusingly similar to the Hyperion Licensed Marks. As stated above, Defendant agreed in section 2 that it would never challenge "the use and/or ownership of any Amiga Mark (other than [the Hyperion Licensed Marks]) by any … licensee …unless the challenged activity constitutes a material breach of this Agreement …" by such licensee.

**RESPONSE: Responding to this paragraph 64, Hyperion states that the agreement speaks for itself, and to the extent these allegations are inconsistent with a proper interpretation of the 2009 Settlement Agreement, Hyperion denies them. All other allegations in this paragraph are denied.**

65.      Registration of the AMIGA trademark by Plaintiff, even if Plaintiff were bound by the Settlement Agreement, does not constitute a breach of the Settlement Agreement, and does not – and will not – prevent Defendant from continuing to use the Hyperion Licensed Marks.

**RESPONSE: Hyperion denies the allegations of this paragraph 65.**

66.      As stated above, the only entity that has breached the Settlement Agreement is Defendant.

**RESPONSE: Hyperion denies the allegations of this paragraph 66.**

67.      Accordingly, in order for Plaintiff to receive complete relief of its unfair competition claims against Defendant, as well as for the sake of judicial economy, Plaintiff seeks an order from this Court directing the TTAB to deny Defendant's Opposition no. 91237628.

**RESPONSE: Hyperion denies the allegations of this paragraph 67.**

68.      Plaintiff realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 67 of this Complaint.

ANSWER OF DEFENDANT HYPERION - 16
CASE No. 2:18−cv−00535−JLR

LEE & HAYES, PLLC
701 Pike Street, Ste. 1600
Seattle, WA 98101
Telephone: (206) 315-4001 Fax: (509) 323-8979

1     **RESPONSE: Hyperion incorporates its above responses to Complaint paragraphs 1-**

2     **67.**

3     69.    The Settlement Agreement limited Defendant's rights in AMIGAONE,

4 AMIGAOS, and the Boing Ball Mark to the use of those marks in connection with the commercial

5 exploitation of Amiga OS 4.

6     **RESPONSE: Responding to this paragraph 69, Hyperion states that the agreement**

7     **speaks for itself, and to the extent these allegations are inconsistent with a proper**

8     **interpretation of the 2009 Settlement Agreement, Hyperion denies them. All other**

9     **allegations in this paragraph are denied.**

10     70.    Any rights in the Boing Ball Mark granted to Defendant in the Settlement

11 Agreement were subject to Plaintiff's superior right to use that mark.

12     **RESPONSE: Hyperion denies the allegations of this paragraph 70.**

13     71.    At no time did Defendant acquire independent rights to use AMIGAONE or

14 AMIGAOS, which are confusingly similar to the AMIGA trademark that Plaintiff has used

15 substantially exclusively in commerce in the United States since 2012.

16     **RESPONSE: Hyperion denies the allegations of this paragraph 71.**

17     72.    Accordingly, Plaintiff respectfully urges this Court to find that Defendant is not

18 the rightful owner and has no rights to the exclusive use in commerce of AMIGAONE,

19 AMIGAOS and the Boing Ball Mark.

20     **RESPONSE: Responding to the allegations of this paragraph 72, this paragraph**

21     **appears to be a prayer for relief that does not include factual allegations requiring a**

22     **response. To the extent Plaintiff intends to allege facts, Hyperion denies them.**

23

24

25

26

LEE & HAYES, PLLC
701 Pike Street, Ste. 1600
Seattle, WA 98101
Telephone: (206) 315-4001 Fax: (509) 323-8979

**AFFIRMATIVE DEFENSES**

Pursuant to Federal Rule of Civil Procedure 8(b), Hyperion asserts the following affirmative defenses to Plaintiff's Complaint; Hyperion expressly reserves all rights to assert additional affirmative defenses that arise upon further investigation, discovery, or facts otherwise revealed:

A. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

B. Plaintiff lacks standing to pursue the claims alleged, or Plaintiff is not the real party in interest as to the claims alleged.

C. Hyperion is licensed or otherwise fully authorized to make use of intellectual property rights described in Plaintiff's Complaint, whether such rights constitute copyrighted software, registered or unregistered trademark, or other forms of intellectual property right.

D. Hyperion has not infringed any valid and enforceable trademark right belonging to Plaintiff.

E. Hyperion has not infringed any valid and enforceable copyright belonging to Plaintiff.

F. Plaintiff's claims are barred by any applicable statute of limitations.

G. Plaintiff's claims are barred by the equitable doctrine of laches, or Plaintiff has waived or is estopped from asserting its claims, or such claims are barred because Plaintiff or its predecessor has acquiesced in Hyperion's use of intellectual property rights asserted.

LEE & HAYES, PLLC
701 Pike Street, Ste. 1600
Seattle, WA 98101
Telephone: (206) 315-4001 Fax: (509) 323-8979

1

## NOTICE OF CLAIMS IN ANOTHER PENDING ACTION

Hyperion notifies the Court of Hyperion's claims against Cloanto currently pending in Case No. 2:18-cv-00381-RSM, *Hyperion Entertainment C.V.B.A. v. ITEC LLC, Amiga, Inc., Amino Development Corp., and Cloanto Corporation.* This other action was filed prior to the transfer of the present action from the Northern District of New York. Some or all of Hyperion's claims against Cloanto in the other action may arise out of the same transaction or occurrence that underlies the subject matter of Plaintiff's claims in the present action.

Pursuant to Rule 13(a)(2)(A), Hyperion has not set forth its claims as counterclaims in this action. Hyperion believes these two actions should be consolidated, and Hyperion's counsel has met and conferred with counsel for Cloanto and parties in the other case as provided by LCR 42(b). Hyperion intends to file a Motion to Consolidate shortly. If consolidation is denied, Hyperion may seek the Court's leave to assert these pending claims in the present action as Counterclaims against Plaintiff.

## PRAYER FOR RELIEF

Wherefore, having answered, Hyperion prays the Court for its judgment that Plaintiff is not entitled to any relief requested and therefore denying any such relief, that Plaintiff shall take nothing by its Complaint, that Hyperion have its costs, expert witness fees, and attorneys' fees, and for such other and further relief as the Court may deem just and proper.

ANSWER OF DEFENDANT HYPERION - 19
CASE No. 2:18−cv−00535−JLR

LEE & HAYES, PLLC
701 Pike Street, Ste. 1600
Seattle, WA 98101
Telephone: (206) 315-4001 Fax: (509) 323-8979

1    Respectfully submitted this 6th day of July, 2018.

2

3                                    By: s/ Robert J. Carlson
                                        _____

4                                    Robert J. Carlson, WSBA 18455
                                     Lee & Hayes, PLLC
5                                    701 Pike Street, Ste. 1600
                                     Seattle, WA 98101
6                                    Telephone: (206) 315-4001
                                     Email:     Bob@leehayes.com
7

8                                    Rhett V. Barney, WSBA 44764
                                     Sarah E. Elsden, WSBA 51158
9                                    Lee & Hayes, PLLC
                                     701 Pike Street, Ste. 1600
10                                   Seattle, WA 98101
                                     Telephone: (206) 315-4001
11                                   Email:     RhettB@leehayes.com
                                     Email:     Sarah.Elsden@leehayes.com
12

13                                   *Attorneys for Defendant*
                                     *Hyperion Entertainment C.V.B.A.*

14

15

16

17

18

19

20

21

22

23

24

25

26

ANSWER OF DEFENDANT HYPERION - 20                 LEE & HAYES, PLLC
CASE No. 2:18-cv-00535-JLR                         701 Pike Street, Ste. 1600
                                                   Seattle, WA 98101
                                                   Telephone: (206) 315-4001 Fax: (509) 323-8979

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that on the 6th day of July 2018, I caused to have electronically filed the

3

foregoing with the Clerk of the Court using the CM/ECF system which will send notification of

4

such filing to the following:

5

6

    Gordon E.R. Troy - gtroy@webtm.com

7

    Michael G. Atkins - mike@atkinsip.com

8

                  By: s/ Robert J. Carlson

9

                  Robert J. Carlson, WSBA 18455

10

                  Lee & Hayes, PLLC
                  701 Pike Street, Ste. 1600

11

                  Seattle, WA 98101
                  Telephone: (206) 315-4001

12

                  Fax: (509) 323-8979
                  Email:    Bob@leehayes.com

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ANSWER OF DEFENDANT HYPERION - 1
CASE No. 2:18−cv−00535−JLR