THE HONORABLE JAMES L. ROBART

1

2

3

4

5

6

7

8

9

10

11

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

12  CLOANTO CORPORATION, a Nevada
    Corporation                                    No. 2:18−cv−00535−JLR

13
                          Plaintiff,
14
                                                   ANSWER OF DEFENDANT HYPERION
                 vs.                               TO PLAINTIFF'S FIRST AMENDED
15                                                 COMPLAINT
16  HYPERION ENTERTAINMENT C.V.B.A.,

17                        Defendants.

18

19

20

21

22

23

24

25

26

ANSWER OF DEFENDANT HYPERION TO PLAINTIFF'S
FIRST AMENDED COMPLAINT
CASE No. 2:18−cv−00535−JLR

Defendant, Hyperion Entertainment C.V.B.A. ("Hyperion"), answering the First Amended Complaint of Plaintiff Cloanto Corporation ("Cloanto"), states and alleges as follows. For clarity, as to each numbered paragraph in the Complaint, Hyperion has set forth below the First Amended Complaint allegation, followed by its response:

1.    This is an action for copyright infringement, trademark infringement, unfair competition, and declaratory and injunctive relief under the United States Copyright Act of 1976, as amended, 17 U.S.C. § 101, *et seq*., the Lanham Act, 15 U.S.C. § 1119 and § 1125(a), based *inter alia* on Defendant's unlawful appropriation, exploitation, and commercial distribution and use of Plaintiff's AMIGA Kickstart ROM, Version 1.3 computer code (hereinafter "Kickstart 1.3"), and Defendant's unlawful appropriation and use of the AMIGA trademark and the so-called "Boing Ball" design mark (the "Boing Ball Mark").

**RESPONSE**: **This paragraph does not appear to be intended to set forth specific allegations of fact requiring a response; to the extent such allegations are intended, Hyperion denies them.**

2.    Plaintiff further seeks an order from this Court (a) pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a), declaring that Defendant is not the rightful owner of, and has no right to register, the marks AMIGAONE, AMIGAOS and the so-called "Boing Ball" design mark, which are the subject of pending applications in the United States Patent and Trademark Office ("USPTO"), Application Nos. 87329448, 87329431, and 87329469, respectively, and (b) directing the USPTO, Trademark Trial and Appeal Board ("TTAB"), to deny Defendant's Notice of Opposition No. 91237628, filed on November 6, 2017, opposing registration by Plaintiff of the AMIGA trademark.

**RESPONSE: This paragraph does not appear to be intended to set forth specific allegations of fact requiring a response; to the extent such allegations are intended, Hyperion denies them.**

ANSWER OF DEFENDANT HYPERION TO PLAINTIFF'S
FIRST AMENDED COMPLAINT - 1
CASE No. 2:18−cv−00535−JLR

LEE & HAYES, PLLC
701 Pike Street, Ste. 1600
Seattle, WA 98101
Telephone: (206) 315-4001 Fax: (509) 323-8979

3.      Plaintiff is a corporation organized and existing under the laws of the State of Nevada, with an address at 5940 S. Rainbow Blvd., Suite 400 #67834, Las Vegas, NV 891187-2507.

**RESPONSE: Hyperion is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph 3, and therefore denies them.**

4.      Since 1997, under its AMIGA FOREVER trademark, Plaintiff has been the world leader in software that allows modern hardware and operating systems to emulate legacy AMIGA hardware and to run AMIGA operating systems ("Amiga OS's"), as well as updates, patches and enhancements by various Amiga developers ("Enhancements"), AMIGA applications and games.

**RESPONSE: Hyperion denies the allegations in this paragraph 4.**

5.      Between 1997 and 1999, Plaintiff 's AMIGA FOREVER products also provided users with the ability to run Amiga OS 1.1 through 3.0, but not Amiga OS 3.1, on original AMIGA hardware.  Plaintiff did not include Amiga OS 3.1 in its first two releases, AMIGA FOREVER 1.0 and AMIGA FOREVER 2.0, because Amiga International, the then-owner of the AMIGA assets, asked Plaintiff to delay the inclusion of Amiga OS 3.1 so that it didn't cut into sales of their Amiga OS 3.1 upgrade kits for original AMIGA hardware.

**RESPONSE: Hyperion is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph 5, and therefore denies them.**

6.      With the release of AMIGA FOREVER 3.0 in 1999, and since that release without interruption, Plaintiff's AMIGA FOREVER products have provided users with the ability to run all Amiga OS's (i.e., from 0.7 through 3.1) on original AMIGA hardware.

ANSWER OF DEFENDANT HYPERION TO PLAINTIFF'S
FIRST AMENDED COMPLAINT - 2
CASE No. 2:18−cv−00535−JLR

LEE & HAYES, PLLC
701 Pike Street, Ste. 1600
Seattle, WA 98101
Telephone: (206) 315-4001 Fax: (509) 323-8979

1    **RESPONSE: Hyperion is without information or knowledge sufficient to form a**

2    **belief as to the truth of the allegations in this paragraph 6, and therefore denies**

3    **them.**

4    7.    Plaintiff has, since 1997, without interruption, used the marks AMIGA and

5    AMIGA FOREVER, as well as Boing Ball Mark, in commerce.

6    **RESPONSE: Hyperion is without information or knowledge sufficient to form a**

7    **belief as to the truth of the allegations in this paragraph 7, and therefore denies**

8    **them.**

9    8.    Since 2000, also under its AMIGA FOREVER trademark, Plaintiff has offered

10    and sold an Amiga OS "3.X," which consists of Amiga OS 3.1 with further Enhancements.

11    Cloanto released Amiga OS 3.X in order to address various needs, including those that might

12    arise from "Y2K" and the rapid rate of growth in the size of hard drives. Unlike the Amiga OS's

13    0.7 through 3.1, Amiga OS 3.X did not initially run on original AMIGA hardware.

14    **RESPONSE: Hyperion is without information or knowledge sufficient to form a**

15    **belief as to the truth of the allegations in this paragraph 8, and therefore denies**

16    **them.**

17    9.    Between 1997 and 1999, Plaintiff featured its AMIGA FOREVER products,

18    which included Plaintiff's emulation software, cross-platform networking software, and native

19    AMIGA software (collectively, "Amiga Forever Products"), on the Cloanto website at

20    www.cloanto.com/amiga/forever and sold those products via distribution and retail partners

21    (including e-commerce resellers) (collectively, "Resellers").

22    **RESPONSE: Hyperion is without information or knowledge sufficient to form a**

23    **belief as to the truth of the allegations in this paragraph 9, and therefore denies**

24    **them.**

25

26

ANSWER OF DEFENDANT HYPERION TO PLAINTIFF'S
FIRST AMENDED COMPLAINT - 3
CASE No. 2:18−cv−00535−JLR

LEE & HAYES, PLLC
701 Pike Street, Ste. 1600
Seattle, WA 98101
Telephone: (206) 315-4001 Fax: (509) 323-8979

10.    Since 1999, Plaintiff has operated the website www.amigaforever.com, featuring its Amiga Forever Products and offering them for sale through Resellers.

**RESPONSE: Hyperion is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph 10, and therefore denies them.**

11.    In 2006, Cloanto released AMIGA FOREVER 2006, which included the same Amiga OS's as on previous releases, together with an enhanced version of Amiga OS 3.X ROM that could operate on original AMIGA hardware.

**RESPONSE: Hyperion is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph 11, and therefore denies them.**

12.    Upon information and belief, defendant Hyperion Entertainment C.V.B.A. is a limited liability cooperative company organized and existing under the laws of Belgium, with an address at Avenue de Tervueren 34, Brussels 1040, Belgium.

**RESPONSE: Hyperion admits the allegations in this paragraph 12.**

13.    Upon information and belief, Defendant is not currently in good standing in its country of incorporation, and while it may defend actions against it, it may not bring actions.

**RESPONSE: Hyperion denies the allegations in this paragraph 13.**

14.    Subject matter jurisdiction over the copyright and trademark claims is conferred upon the Court pursuant to the United States Copyright Act of 1976, 17 U.S.C. § 101 et seq. (the "Copyright Act"), the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1338, 1367 and 2201 (the Federal Declaratory Judgment Act).

**RESPONSE: Responding to the allegations in this paragraph 14, Hyperion admits that this court has subject matter jurisdiction over copyright and trademark claims pursuant to the cited federal statutes.**

ANSWER OF DEFENDANT HYPERION TO PLAINTIFF'S
FIRST AMENDED COMPLAINT - 4
CASE No. 2:18−cv−00535−JLR

LEE & HAYES, PLLC
701 Pike Street, Ste. 1600
Seattle, WA 98101
Telephone: (206) 315-4001 Fax: (509) 323-8979

15.    This case was originally brought in the United States District Court, Northern District of New York. In response to the Complaint, Defendant filed a motion to dismiss, stay, or transfer this action to the Western District of Washington. Cloanto did not oppose transfer to the Western District of Washington. Consequently, both parties agree that venue is proper in this district.

**RESPONSE: Responding to the allegations of this paragraph 15, Hyperion admits that venue is proper in this judicial district.**

16.    Pursuant to copyright assignments in 2011 and 2012, Plaintiff acquired ownership of the copyright in and to Kickstart 1.3, an AMIGA program whose copyright was registered on September 6, 1991, TX0003282574.

**RESPONSE: Hyperion is without information or knowledge to form a belief as to the truth of the allegations in this paragraph 16, and therefore denies them.**

17.    Kickstart 1.3 may be used to run a majority of AMIGA games created and sold prior to 1994, and some of them cannot run without it.

**RESPONSE: Responding to the allegations of this paragraph 17, Hyperion states that the allegations in the paragraph are vague and nonspecific as to what is meant by "AMIGA games," and "some of them," and on that basis denies them; Hyperion admits that Kickstart 1.3 may be used as a component of certain applications run on Amiga systems.**

18.    Kickstart 1.3 is not part of, and is not contained in, Amiga OS 3.1.

**RESPONSE: Hyperion denies the allegations in this paragraph 18.**

19.    Kickstart 1.3 does not function with the disk-based portion of either Amiga OS 4 or Amiga OS 3.1.

**RESPONSE: Hyperion denies the allegations in this paragraph 19.**

LEE & HAYES, PLLC
701 Pike Street, Ste. 1600
Seattle, WA 98101
Telephone: (206) 315-4001 Fax: (509) 323-8979

20.     In 1997, Plaintiff's predecessor-in-interest Cloanto Italia srl (now Cloanto IT srl), entered into an agreement with a predecessor of Amiga, Inc., called Amiga International,[1] whereby Plaintiff was granted the worldwide, perpetual right and license: (a) to copy, distribute, market and sell the object code of all then-existing Amiga OS's, including OS 0.7 through OS 3.1 (and including subsequent updates),[2] in connection with Plaintiff's emulation software and all "classic" AMIGA applications and games; and (b) to use the AMIGA name and trademark, and the Boing Ball Mark, in connection with all of the foregoing. The Agreement required payment by Cloanto of approximately 20,000 Deutschmarks (the "Contract Payment"), payable in quarterly sums related to Cloanto's sales until satisfied.

**RESPONSE: Hyperion is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph 20, and therefore denies them.**

21.     At the same time, Amiga International granted Plaintiff an implied license to provide users with the ability to run the Amiga OS's on original AMIGA hardware.

**RESPONSE: Hyperion is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph 21, and therefore denies them.**

22.     By 1999, when the Amiga assets were transferred to Amiga, Inc. (Washington), Cloanto had paid nearly all of the Contract Payment. At that point, Cloanto and Amiga's principal, Bill McEwan, negotiated and entered into an agreement whereby Cloanto granted to Amiga the right to include Cloanto's Personal Paint software in Amiga's upcoming OS 4.

---

[1] The Amiga assets were transferred in or around late 1999 to Amiga, Inc., a Washington corporation, and in or around 2003 or 2004, Amiga, Inc., a Delaware corporation.

[2] Amiga OS 4, which was based on Amiga OS 3.1, was developed by Defendant's predecessor in the mid-2000s under contract with Amiga, Inc.'s predecessor.

ANSWER OF DEFENDANT HYPERION TO PLAINTIFF'S
FIRST AMENDED COMPLAINT - 6
CASE No. 2:18−cv−00535−JLR

LEE & HAYES, PLLC
701 Pike Street, Ste. 1600
Seattle, WA 98101
Telephone: (206) 315-4001 Fax: (509) 323-8979

1    **RESPONSE: Hyperion is without information or knowledge sufficient to form a**

2    **belief as to the truth of the allegations in this paragraph 22, and therefore denies**

3    **them**.

4    23.    Upon information and belief, in or around November 3, 2001, Amiga, Inc.

5    (Washington) entered into an agreement with Defendant's predecessor, Hyperion VOF, and

6    Eyetech Group Ltd., to develop "Amiga OS 4.0."

7    **RESPONSE: Responding to the allegations of this paragraph 23, Hyperion denies**

8    **the allegations as too vague to form a belief as to what is being alleged.**

9    24.    Upon information and belief, in or prior to November, 2006, various disputes

10   arose between Defendant and Amiga, Inc. (Delaware), which is the successor to Amiga, Inc.

11   (Washington).

12   **RESPONSE: Responding to the allegations of this paragraph 24, Hyperion is**

13   **without information or knowledge sufficient to form a belief as to the truth of the**

14   **allegations that "Amiga Inc. (Delaware) … is the successor to Amiga, Inc.**

15   **(Washington)", and therefore denies them.  Hyperion denies the allegations of**

16   **"various" disputes as too vague to form a belief as to what is being alleged.**

17   25.    On or about September 30, 2009, Amiga, Inc., the former owner of the AMIGA

18   trademark (i.e., the now-cancelled U.S. Reg. Nos., 2802748 and 1401045), together with other

19   parties-in-interest, entered into a Settlement Agreement (the "Settlement Agreement") with

20   Defendant, whereby Defendant was granted the following rights under Section 1, without

21   prejudice to any "Existing License Agreements:"

22   (a)    the right of sole ownership in Amiga OS 4, except to the extent that its

23   source code incorporated that of Amiga OS 3.1;

24   (b)    solely for purposes of marketing and distributing Amiga OS 4 and any

25   hardware required or desired to operate it, (i) an exclusive, perpetual, worldwide and

26

ANSWER OF DEFENDANT HYPERION TO PLAINTIFF'S
FIRST AMENDED COMPLAINT - 7
CASE No. 2:18−cv−00535−JLR

LEE & HAYES, PLLC
701 Pike Street, Ste. 1600
Seattle, WA 98101
Telephone: (206) 315-4001 Fax: (509) 323-8979

royalty-free, transferable right and license to use the marks AMIGAOS, AMIGA OS,

AMIGAONE, AND AMIGA ONE (the "Exclusive Licensed Marks"), and (ii) a non-

exclusive, perpetual, worldwide and royalty free right and license to use the Boing Ball

Mark. (The Exclusive Licensed Marks and Boing Ball Mark are collectively referred to

herein as the "Hyperion Licensed Marks"); and

        (c)    an exclusive and worldwide right (but subject to the rights granted to use

"the Software," which the Settlement Agreement defines as "Amiga OS 3.1, which is the

Operating System (including without limitation its Software Architecture as described in

the Documentation) originally developed, owned and marketed by Commodore Business

Machines (CBM) for their Amiga line of computers in 1994;" but such grant prohibits

Defendant from using any AMIGA trademark, including the Exclusive Licensed Marks,

in connection with such use.

**RESPONSE: Hyperion admits that it entered into a settlement agreement in**

**September 2009 and affirmatively states that the agreement speaks for itself. On**

**that basis, Hyperion denies the allegations of this paragraph 25 to the extent they are**

**inconsistent with a proper interpretation of the 2009 Settlement Agreement. All**

**other allegations in this paragraph 25 are denied.**

26.    The Settlement Agreement did not grant to Defendant any right in any AMIGA

software other than Amiga OS 3.1.

**RESPONSE: Hyperion denies the allegations of this paragraph 26.**

27.    The Settlement Agreement did not grant Defendant any right in Kickstart 1.3.

**RESPONSE: Hyperion denies the allegations of this paragraph 27.**

28.    The Settlement Agreement did not grant to Defendant any right, exclusive or non-

exclusive, to use the mark AMIGA.

**RESPONSE: Hyperion denies the allegations of this paragraph 28.**

ANSWER OF DEFENDANT HYPERION TO PLAINTIFF'S
FIRST AMENDED COMPLAINT - 8
CASE No. 2:18−cv−00535−JLR

LEE & HAYES, PLLC
701 Pike Street, Ste. 1600
Seattle, WA 98101
Telephone: (206) 315-4001 Fax: (509) 323-8979

29.     The Settlement Agreement did not grant Defendant any right, exclusive or nonexclusive, to use the Hyperion Licensed Marks in connection with any operating system or software other than Amiga OS 4.

**RESPONSE: Hyperion denies the allegations of this paragraph 29.**

30.     Upon information and belief, the reason Defendant was not granted any right to use the Hyperion Licensed Marks (or any other AMIGA trademark) in connection with Amiga OS 3.1 was because the parties intended to limit Defendant's use of Amiga OS 3.1 to developing and improving Amiga OS 4.

**RESPONSE: Hyperion denies the allegations of this paragraph 30.**

31.     Section 15 of the Settlement Agreement states, inter alia, that any acquirer or buyer of a material asset of a party, "if such asset is subject to this Agreement" (hereinafter an "Acquirer") "must execute an agreement substantially in the form attached hereto as Exhibit 3 at or prior to the time it completes or closes that acquisition or purchase."

**RESPONSE: Hyperion denies the allegations of this paragraph 31 to the extent they are inconsistent with a proper interpretation of the 2009 Settlement Agreement. All other allegations in this paragraph 31 are denied.**

32.     Section 18 of the Settlement Agreement grants Hyperion a security interest in the "Collateral," which is defined as "the Exclusive Licensed Marks, the Software and the 'Boing Ball' logo mark.".

**RESPONSE: Hyperion denies the allegations of this paragraph 32 to the extent they are inconsistent with a proper interpretation of the 2009 Settlement Agreement. All other allegations in this paragraph 32 are denied.**

33.     Section 18(c) of the Settlement Agreement states that if an Acquirer fails to sign the Exhibit 3 Agreement, then Hyperion "is then authorized to foreclose on its Security Interest in the Collateral," and that such "foreclosure shall be irrevocable unless, within sixty (60) days of

ANSWER OF DEFENDANT HYPERION TO PLAINTIFF'S
FIRST AMENDED COMPLAINT - 9
CASE No. 2:18–cv–00535–JLR

LEE & HAYES, PLLC
701 Pike Street, Ste. 1600
Seattle, WA 98101
Telephone: (206) 315-4001 Fax: (509) 323-8979

the commencement of Hyperion's foreclosure proceedings" the Acquirer "executes and delivers to Hyperion or its successor the proper form agreement set out in Exhibit 3 hereto", and in such event "Hyperion or its successor(s) will have no right to exercise or foreclose on this security interest."

**RESPONSE: Hyperion denies the allegations of this paragraph 33 to the extent they are inconsistent with a proper interpretation of the 2009 Settlement Agreement. All other allegations in this paragraph 33 are denied.**

34.    Exhibit 3 to the Settlement Agreement consists of two paragraphs, the first of which states that the Acquirer "covenants and agrees with [Hyperion] that Acquirer will comply with all obligations of the Amiga Parties under the Settlement Agreement" and the second of which states that Acquirer "acknowledges and agrees that it will be bound by the terms and conditions of the Settlement Agreement applicable to the Amiga Parties….".

**RESPONSE: Hyperion denies the allegations of this paragraph 34 to the extent they are inconsistent with a proper interpretation of the 2009 Settlement Agreement. All other allegations in this paragraph 34 are denied.**

35.    The "terms and conditions of the Settlement Agreement applicable to the Amiga Parties," as stated in Exhibit 3, include the right to enforce the terms and conditions of the Settlement Agreement against Defendant.

**RESPONSE: Responding to this paragraph 35, Hyperion states that the agreement speaks for itself, and to the extent these allegations are inconsistent with a proper interpretation of the 2009 Settlement Agreement, Hyperion denies them.**

36.    Hyperion never brought an action to foreclose on its Security Interest, but Plaintiff, as an Acquirer, executed an agreement in the form set out in Exhibit 3 of the Settlement Agreement, and counsel for Plaintiff delivered that agreement to counsel for Defendant on May 10, 2018.).

ANSWER OF DEFENDANT HYPERION TO PLAINTIFF'S
FIRST AMENDED COMPLAINT - 10
CASE No. 2:18−cv−00535−JLR

LEE & HAYES, PLLC
701 Pike Street, Ste. 1600
Seattle, WA 98101
Telephone: (206) 315-4001 Fax: (509) 323-8979

1    **RESPONSE: Responding to the allegations of this paragraph 36, Hyperion admits**

2    **that it has not brought an action to foreclose on its Security Interest, denies that**

3    **Plaintiff is an "Acquirer," admits that Plaintiff's counsel purported to deliver a form**

4    **document on or about the specified date, and denies all other allegations in this**

5    **paragraph 36.**

6        37.    Section 2 of the Settlement Agreement purports to prevent Defendant from

7    "challenging ... (iii) the use and/or ownership of any "Amiga" trademark (other than [the

8    Hyperion Licensed Marks]) by … any licensee ... unless the challenged activity constitutes a

9    material breach of this Agreement by ... a licensee of the licenses granted to Hyperion pursuant to

10   this Agreement."

11   **RESPONSE: Responding to this paragraph 37, Hyperion states that the agreement**

12   **speaks for itself, and to the extent these allegations are inconsistent with a proper**

13   **interpretation of the 2009 Settlement Agreement, Hyperion denies them.**

14       38.    Since 2012, Plaintiff has used the AMIGA trademark substantially exclusively in

15   commerce in the United States. As the result of such substantially exclusive use, Plaintiff is

16   deemed to be the owner of the AMIGA trademark.

17   **RESPONSE: Hyperion denies the allegations of this paragraph 38.**

18       39.    On January 2, 2017, Plaintiff filed an intent-to-use basis, Application Serial No.

19   87287078, for AMIGA, covering "Computer game programs; Computer game software

20   downloadable from a global computer network; Computer hardware; Computer hardware and

21   computer peripherals; Computer operating programs; Computer operating software; Computer

22   operating systems; Computer programs for video and computer games; Computer software for

23   emulating computer hardware, emulating computer operating systems on personal computers and

24   mobile devices and instructional user guides sold as a unit; Computer software for emulating

25   computer hardware, emulating computer operating systems on personal computers and mobile

26

ANSWER OF DEFENDANT HYPERION TO PLAINTIFF'S
FIRST AMENDED COMPLAINT - 11
CASE No. 2:18−cv−00535−JLR

LEE & HAYES, PLLC
701 Pike Street, Ste. 1600
Seattle, WA 98101
Telephone: (206) 315-4001 Fax: (509) 323-8979

1  devices that may be downloaded from a global computer network; Computer software for

2  emulating computer hardware, emulating computer operating systems on personal computers and

3  mobile devices; Computer software platforms for emulating computer hardware and computer

4  operating systems; Computer software, namely, game engine software for video game

5  development and operation; Computer software for emulating computer hardware and computer

6  operating systems that may be downloaded from a global computer network; Digital media,

7  namely, pre-recorded video cassettes, digital video discs, digital versatile discs, downloadable

8  audio and video recordings, DVDs, and high definition digital discs featuring software, games,

9  music, videos, text, ebooks; Downloadable computer game software via a global computer

10  network and wireless devices" in International Class 9 (the "'078 Application").

11  **RESPONSE: Responding to the allegations in this paragraph 39, Hyperion states that**

12  **the USPTO records appear to be consistent with the allegations of paragraph 33 with**

13  **respect to the serial number, mark, filing date, identification of goods, and Applicant**

14  **name, but show a different address for the Applicant than that indicated in Paragraph**

15  **3 of this Complaint, so Hyperion is without information or knowledge sufficient to**

16  **form a belief as to the truth of the remaining allegations in this paragraph 33, and**

17  **therefore denies them.**

18  40.    Plaintiff's '078 Application was published for opposition on May 9, 2017.

19  Defendant obtained a 90-day extension to file a Notice of Opposition and then requested, and was

20  granted by Plaintiff, an additional 60-day extension, the maximum extension permissible by the

21  TTAB.

22  **RESPONSE: Hyperion admits the allegations in this paragraph 40 with respect to**

23  **the '078 Application, but to the extent categorized as "Plaintiff's '078 Application," is**

24  **without information or knowledge sufficient to form a belief as to whether the**

25  **Applicant at the listed address is the same entity as Plaintiff and therefore denies the**

26

ANSWER OF DEFENDANT HYPERION TO PLAINTIFF'S
FIRST AMENDED COMPLAINT - 12
CASE No. 2:18−cv−00535−JLR

LEE & HAYES, PLLC
701 Pike Street, Ste. 1600
Seattle, WA 98101
Telephone: (206) 315-4001 Fax: (509) 323-8979

1    **same, and to the extent the possessive "Plaintiff's" is intended as a characterization**

2    **of rightful ownership, denies that Plaintiff is the rightful owner of any rights in the**

3    **mark AMIGA.**

4    41.    On November 6, 2017, Defendant filed Opposition No. 91237628, claiming that

5    Plaintiff's applied-for AMIGA trademark was confusingly similar to two of the Hyperion

6    Licensed Marks, AMIGAONE (Application Serial No. 87329448) and AMIGAOS (Application

7    Serial No. 87329431), both filed on an intent-to-use basis on February 8, 2017, a month after

8    Plaintiff's '078 Application.

9    **RESPONSE: Hyperion admits the allegations in this paragraph 41 that it filed the**

10    **subject Applications and Opposition making, *inter alia*, the subject claim on the**

11    **subject dates, and that the Applications and Opposition were assigned the subject**

12    **numbers, but to the extent categorized as "Plaintiff's '078 Application," is without**

13    **information or knowledge sufficient to form a belief as to whether the Applicant at**

14    **the listed address is the same entity as Plaintiff and therefore denies the same, and to**

15    **the extent the possessive "Plaintiff's" is intended as a characterization of rightful**

16    **ownership, denies that Plaintiff is the rightful owner of any rights in the mark**

17    **AMIGA.**

18    42.    Also on February 8, 2017, Defendant filed Application Serial No. 87329469 for

19    the Boing Ball Mark on an intent-to-use basis.

20    **RESPONSE: Hyperion admits the allegations in this paragraph 42.**

21    43.    The Settlement Agreement did not grant Defendant any rights to register any of

22    the Hyperion Licensed Marks anywhere in the world.

23    **RESPONSE: Responding to this paragraph 43, Hyperion states that the agreement**

24    **speaks for itself, and to the extent these allegations are inconsistent with a proper**

25    **interpretation of the 2009 Settlement Agreement, Hyperion denies them. Hyperion**

26

ANSWER OF DEFENDANT HYPERION TO PLAINTIFF'S
FIRST AMENDED COMPLAINT - 13
CASE No. 2:18−cv−00535−JLR

LEE & HAYES, PLLC
701 Pike Street, Ste. 1600
Seattle, WA 98101
Telephone: (206) 315-4001 Fax: (509) 323-8979

**denies any allegation that a "grant" in the agreement is a necessary precursor to any application to register trademark rights.**

44.     Plaintiff realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 43 of this Complaint.

**RESPONSE: Hyperion incorporates its above responses to the allegations of Complaint paragraphs 1-43.**

45.     In plain violation of both the letter and spirit of the Settlement Agreement, Defendant has claimed the "worldwide exclusive right to distribute and sublicense AmigaOS on a standalone basis or bundled with hardware (OEM license)," despite the fact that the Settlement Agreement only grants Defendant the right (subject to Plaintiff's pre-existing rights), (a) to make certain uses of Amiga OS 3.1 (without using any AMIGA marks in connection therewith), and (b) to use AMIGAOS or AMIGA OS solely in connection with distributing and selling Amiga OS 4.

**RESPONSE: Responding to this paragraph 45, Hyperion states that the agreement speaks for itself, and to the extent these allegations are inconsistent with a proper interpretation of the 2009 Settlement Agreement, Hyperion denies them.  Hyperion denies any allegation of violation of the agreement, and affirmatively states that Plaintiff is not the real party in interest with respect to any such allegation.**

46.     Defendant's material breaches of the Settlement Agreement include, but may not be limited to the following:

    a.     Upon information and belief, on or about October 25, 2016, Defendant, began selling Amiga OS 3.1 under the names, "New Hyperion 3.1 Kickstart ROM" and "Workbench 3.1." After Plaintiff sent Defendant and its e-commerce provider a cease-and-desist notice for misappropriating Plaintiff's federally registered WORKBENCH

LEE & HAYES, PLLC
701 Pike Street, Ste. 1600
Seattle, WA 98101
Telephone: (206) 315-4001 Fax: (509) 323-8979

trademark (U.S. Reg. No. 3946885), Defendant began selling Amiga OS 3.1 under the name "AmigaOS Workbench 3.1."

        b.      The marketing, distribution and sale of CD-ROMs and downloads containing different versions of "Amiga OS 4.1 Final Edition," each of which has included Plaintiff's Kickstart 1.3 program, despite the fact that the Settlement Agreement did not grant Defendant any rights whatsoever in any program prior to Amiga OS 3.1;

        c.      The marketing, distribution and sale of a downloadable version of Kickstart 3.1, advertised as "Kickstart 3.1 (40.72) for desktop Amigas – FREE Kick [sic] 1.3 included!," which also includes Plaintiff's Kickstart 1.3 program;

        d.      A boot-up of "Kickstart 1.3" displays the AMIGA trademark until the user inserts a bootable medium containing the disk-based portion of Amiga OS 1.3 (or lower);

        e.      A boot-up of "Kickstart 3.1" displays the Boing Ball Mark, together with a false and misleading copyright notice that reads "Copyright © 1985-2016 Hyperion Entertainment CVBA," despite the fact that under the Settlement Agreement, (i) the Boing Ball Mark was licensed to Hyperion solely in connection with distributing and selling Amiga OS 4, and (ii) Defendant "acknowledges that the Amiga Parties are the owners of the Software;"

        f.      Offering customers the capability of running Amiga OS's prior to Amiga OS 4.0 in an emulation environment as well as on original AMIGA hardware; and

        g.      In breach of Section 2 of the Settlement Agreement, Defendant applied for and registered AMIGA FOREVER in both Benelux and the European Union, despite the fact that Defendant (i) knew that mark was granted solely to Plaintiff, (ii) knew that Defendant was not granted any rights to register any AMIGA trademark, and

LEE & HAYES, PLLC
701 Pike Street, Ste. 1600
Seattle, WA 98101
Telephone: (206) 315-4001 Fax: (509) 323-8979

(iii)  Defendant did not and does not use AMIGA FOREVER in either jurisdiction of registration.

**RESPONSE: Responding to this paragraph 46, Hyperion states that the agreement speaks for itself, and to the extent these allegations are inconsistent with a proper interpretation of the 2009 Settlement Agreement, Hyperion denies them.  Hyperion denies any allegation of breach or other violation of the agreement, and affirmatively states that Plaintiff is not the real party in interest with respect to any such allegation.**

47.    As a consequence of Defendant's material breaches of the Settlement Agreement, Plaintiff has suffered and will continue to suffer damages, including but not limited to lost sales, in an amount to be determined at trial. In addition, unless Defendant is restrained from engaging in its unauthorized activities in breach of the Settlement Agreement, Plaintiff will be irreparably harmed.

**RESPONSE: Responding to this paragraph 47, Hyperion states that the agreement speaks for itself, and to the extent these allegations are inconsistent with a proper interpretation of the 2009 Settlement Agreement, Hyperion denies them.  Hyperion denies any allegation of breach or other violation of the agreement, and affirmatively states that Plaintiff is not the real party in interest with respect to any such allegation.**

48.    Section 16 of the Settlement Agreement further entitles Plaintiff to seek injunctive relief to prevent Defendant from carrying out its unauthorized activities.

**RESPONSE: Hyperion denies the allegations of this paragraph 48, and affirmatively states that Plaintiff is not the real party in interest with respect to any rights granted in the agreement.**

ANSWER OF DEFENDANT HYPERION TO PLAINTIFF'S
FIRST AMENDED COMPLAINT - 16
CASE No. 2:18−cv−00535−JLR

LEE & HAYES, PLLC
701 Pike Street, Ste. 1600
Seattle, WA 98101
Telephone: (206) 315-4001 Fax: (509) 323-8979

49.     Plaintiff realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 48 of this Complaint.

**RESPONSE: Hyperion incorporates its above responses to Complaint paragraphs 1-48.**

50.     Defendant willfully and intentionally infringed Plaintiff's copyrights by making copies of, and distributing and selling Plaintiff's Kickstart 1.3 in CD-ROMs and downloads (collectively, the "Infringing Products").

**RESPONSE: Hyperion denies the allegations of this paragraph 50.**

51.     Defendant's copying, offering for sale, distribution, and sale of Kickstart 1.3 without Plaintiff's permission constitute copyright infringement under 17 U.S.C. § 501, et seq.

**RESPONSE: Hyperion denies the allegations of this paragraph 51.**

52.     Defendant's acts of copyright infringement were willful.

**RESPONSE: Hyperion denies the allegations of this paragraph 51.**

53.     As a consequence of Defendant's copyright infringement as alleged in this Complaint, Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial. In addition, unless Defendant is restrained from engaging in its infringing conduct, Plaintiff will be irreparably harmed.

**RESPONSE: Hyperion denies the allegations of this paragraph 53.**

54.     Because the copyright of Kickstart 1.3 was registered long prior to the commencement of Defendant's infringing conduct, Plaintiff is entitled to statutory damages and legal fees.

**RESPONSE: Hyperion denies the allegations of this paragraph 54.**

55.     Plaintiff realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 54 of this Complaint.

ANSWER OF DEFENDANT HYPERION TO PLAINTIFF'S
FIRST AMENDED COMPLAINT - 17
CASE No. 2:18−cv−00535−JLR

LEE & HAYES, PLLC
701 Pike Street, Ste. 1600
Seattle, WA 98101
Telephone: (206) 315-4001 Fax: (509) 323-8979

1

2

**RESPONSE: Hyperion incorporates its above responses to Complaint paragraphs 1-54.**

3

4

56.     Defendant's unauthorized use of AMIGA and AMIGAOS in connection with promoting, marketing and selling "AmigaOS Workbench 3.1," Kickstart 3.1, and Kickstart 1.3 (which also displays the AMIGA mark) constitutes trademark infringement on the AMIGA mark.

5

6

7

**RESPONSE: Hyperion denies the allegations of this paragraph 56.**

8

9

57.     Defendant has knowingly and willfully used the AMIGA trademark to which Plaintiff has exclusive rights, in an unlawful effort to create the false impression that Defendant has the right to use that trademark, as well as to appropriate to itself the goodwill associated with the AMIGA trademark.

10

11

12

**RESPONSE: Hyperion denies the allegations of this paragraph 57.**

13

14

58.     Defendant's unlawful acts in appropriating the aforesaid exclusive rights of Plaintiff were and are intended to capitalize on Plaintiff's goodwill for Defendants' own pecuniary gain.

15

16

**RESPONSE: Hyperion denies the allegations of this paragraph 58.**

17

18

59.     Defendant's unlawful use of the AMIGA trademark is (a) calculated to confuse, deceive and mislead consumers into believing that the Infringing Products originated or are authorized by Plaintiff, and (b) have likely caused and are likely to continue to cause confusion as to the source of the Infringing Products, to Plaintiff's detriment.

19

20

21

**RESPONSE: Hyperion denies the allegations of this paragraph 59.**

22

23

60.     Defendant's acts complained of herein constitute unfair competition which, unless enjoined by the Court, will result in (a) damage to and destruction and/or diversion of Plaintiff's goodwill in the AMIGA trademark, and (b) unjust enrichment of Defendant.

24

25

26

ANSWER OF DEFENDANT HYPERION TO PLAINTIFF'S
FIRST AMENDED COMPLAINT - 18
CASE No. 2:18−cv−00535−JLR

LEE & HAYES, PLLC
701 Pike Street, Ste. 1600
Seattle, WA 98101
Telephone: (206) 315-4001 Fax: (509) 323-8979

1    **RESPONSE: Hyperion denies the allegations of this paragraph 60, and Hyperion**

2    **affirmatively states that it has all necessary licenses and other authorizations to use**

3    **any intellectual property rights embodied in products it distributes.**

4    61.    Plaintiff realleges and incorporates by reference each of the allegations contained

5    in paragraphs 1 through 60 of this Complaint.

6    **RESPONSE: Hyperion incorporates its above responses to paragraphs 1-60.**

7    62.    The conduct of Defendant complained of in this Complaint constitutes the use of

8    symbols or devices, or a false designation of origin, false or misleading description of fact, or

9    false or misleading representation of fact, which is likely to cause confusion, mistake or

10   deception regarding the rights of Plaintiff and Defendant in and to the use of the AMIGA

11   trademark, and to the distribution and sale of AMIGA legacy operating systems and

12   applications.

13   **RESPONSE: Hyperion denies the allegations of this paragraph 62.**

14   63.    While Plaintiff has the right to use, and has continuously used, the AMIGA

15   trademark in commerce in the United States since 1997, Defendant has no rights whatsoever to

16   use the AMIGA trademark, its rights being entirely limited to the Hyperion Licensed Marks, and

17   then only in connection with the distribution and sale of Amiga OS 4.

18   **RESPONSE: Hyperion denies the allegations of this paragraph 63.**

19   64.    Defendant has always been aware that it has no rights to use the AMIGA

20   trademark and, in fact, avoided doing so until it began copying, distributing and selling Plaintiff's

21   copyrighted Kickstart 1.3.

22   **RESPONSE: Hyperion denies the allegations of this paragraph 64, and Hyperion**

23   **affirmatively states that it has all necessary licenses and other authorizations to use**

24   **any intellectual property rights embodied in products it distributes.**

25

26

ANSWER OF DEFENDANT HYPERION TO PLAINTIFF'S
FIRST AMENDED COMPLAINT - 19
CASE No. 2:18−cv−00535−JLR

LEE & HAYES, PLLC
701 Pike Street, Ste. 1600
Seattle, WA 98101
Telephone: (206) 315-4001 Fax: (509) 323-8979

65.     Plaintiff has, since 1997, distributed and sold Amiga OS 3.1 together with its emulation and support software, and was granted the use of the AMIGA trademark in connection therewith. By contrast, Defendant was not granted the right to distribute or sell Amiga OS 3.1, or use the AMIGA trademark or even the Hyperion Licensed Marks in connection with any use of Amiga OS 3.1, and is now distributing Amiga OS 3.1 as a falsely designated "Hyperion" operating system, making it appear to the public that Defendant is the owner and source of Amiga OS 3.1.

**RESPONSE: Hyperion denies the allegations of this paragraph 65, and Hyperion affirmatively states that it has all necessary licenses and other authorizations to use any intellectual property rights embodied in products it distributes.**

66.     Furthermore, by distributing Kickstart 1.3, which displays the AMIGA trademark to users, Defendant has falsely presented itself as authorized to use the AMIGA trademark.

**RESPONSE: Hyperion denies the allegations of this paragraph 66, and Hyperion affirmatively states that it has all necessary licenses and other authorizations to use any intellectual property rights embodied in products it distributes.**

67.     Defendant's conduct was undertaken willfully and with intent to cause confusion, mistake and deception on the part of the public.

**RESPONSE: Hyperion denies the allegations of this paragraph 67.**

68.     By engaging in the acts and omissions complained of in this Complaint, Defendant has substantially damaged Plaintiff's business reputation and good will.

**RESPONSE: Hyperion denies the allegations of this paragraph 68.**

69.     Defendant's conduct has caused and, unless enjoined, will continue to cause irreparable harm and injury to Plaintiff's business reputation and good will for which there is no adequate remedy at law.

**RESPONSE: Hyperion denies the allegations of this paragraph 69.**

ANSWER OF DEFENDANT HYPERION TO PLAINTIFF'S
FIRST AMENDED COMPLAINT - 20
CASE No. 2:18−cv−00535−JLR

LEE & HAYES, PLLC
701 Pike Street, Ste. 1600
Seattle, WA 98101
Telephone: (206) 315-4001 Fax: (509) 323-8979

70.     Defendant's conduct has also caused and, unless enjoined, will continue to cause inevitable public confusion for which there is no adequate remedy at law.

**RESPONSE: Hyperion denies the allegations of this paragraph 70.**

71.     Pursuant to 15 U.S.C. § 1116, Plaintiff is entitled to injunctive relief to enjoin Defendant from using the AMIGA trademark and the false "Hyperion" designation.

**RESPONSE: Hyperion denies the allegations of this paragraph 71.**

72.     Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover damages in an amount to be determined at trial.

**RESPONSE: Hyperion denies the allegations of this paragraph 72.**

73.     Defendant's acts of unfair competition as alleged herein constitute an exceptional case and were undertaken willfully, thereby entitling Plaintiff to receive three times its actual damages and to an award of attorneys' fees under 15 U.S.C. §§ 1117(a) and (b).

**RESPONSE: Hyperion denies the allegations of this paragraph 73.**

74.      Plaintiff realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 73 of this Complaint.

**RESPONSE: Hyperion incorporates its above responses to Complaint paragraphs 1-73.**

75.     Defendant's Opposition is premised on two falsehoods: first, that Defendant has the right to use the AMIGA trademark, and second, that the Hyperion Licensed Marks are confusingly similar to the AMIGA trademark.

**RESPONSE: Hyperion denies any allegations of this paragraph 75 that state the premise of Hyperion's Opposition, and affirmatively states that the allegations of the Opposition speak for themselves, such that Hyperion denies any allegations in this paragraph 75 that are inconsistent with a proper reading of Hyperion's Opposition.**

ANSWER OF DEFENDANT HYPERION TO PLAINTIFF'S
FIRST AMENDED COMPLAINT - 21
CASE No. 2:18−cv−00535−JLR

LEE & HAYES, PLLC
701 Pike Street, Ste. 1600
Seattle, WA 98101
Telephone: (206) 315-4001 Fax: (509) 323-8979

76.    By entering into the Settlement Agreement with Amiga, Inc. and other parties-in-interest, Defendant accepted the distinction between the Hyperion Licensed Marks and other "Amiga" trademarks, including AMIGA alone, and also recognized Plaintiff's prior rights.

**RESPONSE: Hyperion denies the allegations of this paragraph 76.**

77.    The Settlement Agreement expressly precludes Defendant from claiming that AMIGA is confusingly similar to the Hyperion Licensed Marks. As stated above, Defendant agreed in section 2 that it would never challenge "the use and/or ownership of any Amiga Mark (other than [the Hyperion Licensed Marks]) by any … licensee …unless the challenged activity constitutes a material breach of this Agreement …" by such licensee.

**RESPONSE: Responding to this paragraph 77, Hyperion states that the agreement speaks for itself, and to the extent these allegations are inconsistent with a proper interpretation of the 2009 Settlement Agreement, Hyperion denies them. All other allegations in this paragraph are denied.**

78.    Registration of the AMIGA trademark by Plaintiff, even if Plaintiff were bound by the Settlement Agreement, does not constitute a breach of the Settlement Agreement, and does not – and will not – prevent Defendant from continuing to use the Hyperion Licensed Marks.

**RESPONSE: Hyperion denies the allegations of this paragraph 78.**

79.    As stated above, the only entity that has breached the Settlement Agreement is Defendant.

**RESPONSE: Hyperion denies the allegations of this paragraph 79.**

80.    Accordingly, in order for Plaintiff to receive complete relief of its unfair competition claims against Defendant, as well as for the sake of judicial economy, Plaintiff seeks an order from this Court directing the TTAB to deny Defendant's Opposition no. 91237628.

**RESPONSE: Hyperion denies the allegations of this paragraph 80.**

ANSWER OF DEFENDANT HYPERION TO PLAINTIFF'S
FIRST AMENDED COMPLAINT - 22
CASE No. 2:18−cv−00535−JLR

LEE & HAYES, PLLC
701 Pike Street, Ste. 1600
Seattle, WA 98101
Telephone: (206) 315-4001 Fax: (509) 323-8979

81.     Plaintiff realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 80 of this Complaint.

**RESPONSE: Hyperion incorporates its above responses to Complaint paragraphs 1-80.**

82.      The Settlement Agreement limited Defendant's rights in AMIGAONE, AMIGAOS, and the Boing Ball Mark to the use of those marks in connection with the commercial exploitation of Amiga OS 4.

**RESPONSE: Responding to this paragraph 82, Hyperion states that the agreement speaks for itself, and to the extent these allegations are inconsistent with a proper interpretation of the 2009 Settlement Agreement, Hyperion denies them. All other allegations in this paragraph are denied.**

83.     Any rights in the Boing Ball Mark granted to Defendant in the Settlement Agreement were subject to Plaintiff's superior right to use that mark.

**RESPONSE: Hyperion denies the allegations of this paragraph 83.**

84.     At no time did Defendant acquire independent rights to use AMIGAONE or AMIGAOS, which are confusingly similar to the AMIGA trademark that Plaintiff has used substantially exclusively in commerce in the United States since 2012.

**RESPONSE: Hyperion denies the allegations of this paragraph 84.**

85.     Accordingly, Plaintiff respectfully urges this Court to find that Defendant is not the rightful owner and has no rights to the exclusive use in commerce of AMIGAONE, AMIGAOS and the Boing Ball Mark.

**RESPONSE: Responding to the allegations of this paragraph 85, this paragraph appears to be a prayer for relief that does not include factual allegations requiring a response. To the extent Plaintiff intends to allege facts, Hyperion denies them.**

ANSWER OF DEFENDANT HYPERION TO PLAINTIFF'S
FIRST AMENDED COMPLAINT - 23
CASE No. 2:18−cv−00535−JLR

LEE & HAYES, PLLC
701 Pike Street, Ste. 1600
Seattle, WA 98101
Telephone: (206) 315-4001 Fax: (509) 323-8979

1    **AFFIRMATIVE DEFENSES**

2    Pursuant to Federal Rule of Civil Procedure 8(b), Hyperion asserts the following

3    affirmative defenses to Plaintiff's Complaint; Hyperion expressly reserves all rights to assert

4    additional affirmative defenses that arise upon further investigation, discovery, or facts

5    otherwise revealed:

6        A.  Plaintiff's Complaint fails to state a claim upon which relief may be granted.

7        B.  Plaintiff lacks standing to pursue the claims alleged, or Plaintiff is not the real party

8            in interest as to the claims alleged.

9        C.  Hyperion is licensed or otherwise fully authorized to make use of intellectual

10           property rights described in Plaintiff's Complaint, whether such rights constitute

11           copyrighted software, registered or unregistered trademark, or other forms of

12           intellectual property right.

13       D.  Hyperion has not infringed any valid and enforceable trademark right belonging to

14           Plaintiff.

15       E.  Hyperion has not infringed any valid and enforceable copyright belonging to

16           Plaintiff.

17       F.  Plaintiff's claims are barred by any applicable statute of limitations.

18       G.  Plaintiff's claims are barred by the equitable doctrine of laches, or Plaintiff has

19           waived or is estopped from asserting its claims, or such claims are barred because

20           Plaintiff or its predecessor has acquiesced in Hyperion's use of intellectual property

21           rights asserted.

22

23

24

25

26

ANSWER OF DEFENDANT HYPERION TO PLAINTIFF'S
FIRST AMENDED COMPLAINT - 24
CASE No. 2:18−cv−00535−JLR

LEE & HAYES, PLLC
701 Pike Street, Ste. 1600
Seattle, WA 98101
Telephone: (206) 315-4001 Fax: (509) 323-8979

1

## <u>NOTICE OF CLAIMS IN ANOTHER PENDING ACTION</u>

2        Hyperion notifies the Court of Hyperion's claims against Cloanto currently pending in

3   Case No. 2:18-cv-00381-RSM, *Hyperion Entertainment C.V.B.A. v. ITEC LLC, Amiga, Inc.,*

4   *Amino Development Corp., and Cloanto Corporation.*  This other action was filed prior to the

5   transfer of the present action from the Northern District of New York. Some or all of Hyperion's

6   claims against Cloanto in the other action may arise out of the same transaction or occurrence

7   that underlies the subject matter of Plaintiff's claims in the present action.

8        Pursuant to Rule 13(a)(2)(A), Hyperion has not set forth its claims as counterclaims in

9   this action.  Hyperion has filed a Motion to Consolidate.  If consolidation is denied, Hyperion

10   may seek the Court's leave to assert these pending claims in the present action as Counterclaims

11   against Plaintiff.

12

13                          ## <u>PRAYER FOR RELIEF</u>

14        Wherefore, having answered, Hyperion prays the Court for its judgment that Plaintiff is

15   not entitled to any relief requested and therefore denying any such relief, that Plaintiff shall take

16   nothing by its Complaint, that Hyperion have its costs, expert witness fees, and attorneys' fees,

17   and for such other and further relief as the Court may deem just and proper.

18

19

20

21

22

23

24

25

26

ANSWER OF DEFENDANT HYPERION TO PLAINTIFF'S
FIRST AMENDED COMPLAINT - 25
CASE No. 2:18−cv−00535−JLR

LEE & HAYES, PLLC
701 Pike Street, Ste. 1600
Seattle, WA 98101
Telephone: (206) 315-4001 Fax: (509) 323-8979

1    Respectfully submitted this 20th day of July, 2018.

2

3                                        By: s/ Robert J. Carlson
                                         _____

4                                        Robert J. Carlson, WSBA 18455
                                         Lee & Hayes, PLLC
5                                        701 Pike Street, Ste. 1600
                                         Seattle, WA 98101
6                                        Telephone: (206) 315-4001
                                         Email:    Bob@leehayes.com
7

8                                        Rhett V. Barney, WSBA 44764
                                         Sarah E. Elsden, WSBA 51158
9                                        Lee & Hayes, PLLC
                                         701 Pike Street, Ste. 1600
10                                       Seattle, WA 98101
                                         Telephone: (206) 315-4001
11                                       Email:    RhettB@leehayes.com
                                         Email:    Sarah.Elsden@leehayes.com
12
                                         *Attorneys for Defendant*
13                                       *Hyperion Entertainment C.V.B.A.*

14

15

16

17

18

19

20

21

22

23

24

25

26

ANSWER OF DEFENDANT HYPERION TO PLAINTIFF'S
FIRST AMENDED COMPLAINT - 26                        LEE & HAYES, PLLC
CASE No. 2:18–cv–00535–JLR                          701 Pike Street, Ste. 1600
                                                    Seattle, WA 98101
                                                    Telephone: (206) 315-4001 Fax: (509) 323-8979

1

## CERTIFICATE OF SERVICE

2

3    I hereby certify that on the 20th day of July 2018, I caused to have electronically filed the

4    foregoing with the Clerk of the Court using the CM/ECF system which will send notification of

5    such filing to the following:

6        Gordon E.R. Troy - gtroy@webtm.com

7        Michael G. Atkins - mike@atkinsip.com

8                                    By: s/ Robert J. Carlson

9                                    Robert J. Carlson, WSBA 18455
10                                   Lee & Hayes, PLLC
                                     701 Pike Street, Ste. 1600
11                                   Seattle, WA 98101
                                     Telephone: (206) 315-4001
12                                   Fax: (509) 323-8979
                                     Email:     Bob@leehayes.com
13

14

15

16

17

18

19

20

21

22

23

24

25

26

ANSWER OF DEFENDANT HYPERION TO PLAINTIFF'S        LEE & HAYES, PLLC
FIRST AMENDED COMPLAINT - 1                         701 Pike Street, Ste. 1600
CASE No. 2:18−cv−00535−JLR                          Seattle, WA 98101
                                                    Telephone: (206) 315-4001 Fax: (509) 323-8979