The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CLOANTO CORPORATION<br><br>                     Plaintiff,<br><br>  - against -<br><br>HYPERION ENTERTAINMENT C.V.B.A.,<br><br>                     Defendant. | Civil Action No.: 2:18-cv-00535-JLR<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO CONSOLIDATE**<br><br>**Note on Motion Calendar:**<br>**July 27, 2018** |

      Plaintiff Cloanto Corporation ("Cloanto"), by its attorneys, hereby opposes the Motion to Consolidate filed by Defendant Hyperion Entertainment, C.V.B.A. ("Hyperion"). In that Motion, Hyperion "suggests" that this case should be consolidated with a later-filed case brought by Hyperion, styled *Hyperion Entertainment C.V.B.A., vs ITEC, LLC, Amiga, Inc., Amino Development Corporation, and Cloanto Corporation*, No. 18-cv-00381. (ECF No. 9-4; hereinafter the "Hyperion Action"), which is pending before the Hon. Ricardo S. Martinez ("Judge Martinez").

I. **The Hyperion Action should, if at all, be consolidated in this Court, as the instant action is the one that was first-filed.**

The instant action was initiated by the filing of the Complaint (ECF No. 1) on December 14, 2017, in the United States District Court, Northern District of New York. On February 9, 2018, Hyperion agreed to waive service of summons in exchange for responding under Rule 12 within 90 days from the date of service. (ECF No. 6.) On March 14, 2018, the last day on which an answer or motion could be served, Hyperion (a) filed a motion to dismiss, transfer or stay in the Northern District of New York (ECF No. 9 through 9-04), and (b) filed the complaint in the Hyperion Action.

Faced with the possibility of lengthy motion practice in the Northern District of New York over jurisdictional issues, Cloanto, whose principal resides in Italy, chose not to oppose transfer to the Western District of Washington, as that forum is no less convenient for Cloanto than the Northern District of New York. Cloanto filed its notice of non-opposition on April 3, 2018, and this case was duly transferred to this Court. On May 25, 2018, with no answer yet filed by Hyperion, and in light of various changed circumstances, Cloanto filed the First Amended Complaint (ECF No. 29).

On June 12, 2018, on joint motion from the parties, the Court extended the time for Hyperion to respond in this action until July 6, 2018. On July 6, 2018 Hyperion filed an answer (ECF No. 34) to the Complaint (ECF No. 1), and on July 20, 2018 Hyperion filed an answer (ECF No. 37) to the First Amended Complaint (ECF No. 29).

The First Amended Complaint in this case alleges causes of action relating to: (1) breach of contract arising out of various violations by Hyperion of a 2009 Settlement Agreement (the "Settlement Agreement"), which Cloanto has the right to enforce against Hyperion as an "Acquirer" (as defined under the Settlement Agreement) of certain intellectual property;

(2) copyright infringement; (3) common law trademark infringement; (4) unfair competition; (5) an order directing the United States Patent and Trademark Office to deny Opposition No. 91237628, brought by Hyperion against Cloanto on Cloanto's intent-to-use application for the mark, AMIGA; and (6) an order declaring that Defendant is not the rightful owner of, and has no right to register, the marks AMIGA ONE or AMOGA OS, or the so-called Boing Ball Mark.

As to Cloanto, the complaint in the Hyperion Action is an action for declaratory relief that essentially mirrors Cloanto's Complaint.[1] The rest of the First Amended Complaint in the Hyperion Action consists of allegations of breach of contract against Itec, LLC, Amiga, Inc., and Amino Development Corporation (the "Amiga Parties") about which more will be said below.

Generally, the first-to-file rule is invoked when actions are pending in different district courts. However, courts in the Ninth Circuit have applied it "equally to instances where two or more cases are filed in the same district." *Keen v. Omni Limousine*, 2016 U.S. Dist. LEXIS 160311 *5, 2016 WL 6828199 (D. Nev., Nov. 18, 2016). As observed by the court in *Keen*, citing *Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F.Supp.2d 1289, 1294 (N.D. Cal. 2013), the "first-to-file rule simply requires a chronology of the actions."

The proper procedure would be a dismissal of the Hyperion Complaint as to Cloanto. "When two actions are functionally the same, except the plaintiff in one action is the defendant in the other and vice versa, and both actions are pending in the same district court ... [t]he first-to-file rule provides a reasonable means to determine which action should be dismissed." *Keen v. Omni Limousine*, *supra*, quoting *Intervet, Inc. v. Merial Ltd.*, 535 F.Supp.2d 112, 114-15 (D.D.C. 2008).

---

[1] Hyperion also threw in a count against Cloanto for "intentional interference with contract or business expectancy" arising from the same set of facts.

However, given that the claims brought by Hyperion in the Hyperion Action against the Amiga Parties" may, <u>if</u> that case proceeds,[2] involve some of the same issues that arise in the instant action, Cloanto believes that consolidation in this Court would be the proper procedural outcome.

## II. Hyperion fails to provide sufficient cause to consolidate the instant action with the Hyperion Action before Judge Martinez.

Hyperion and the Amiga Parties entered into a settlement agreement in 2009 (the "2009 Settlement Agreement") which, <u>in part</u>, settled *Amiga, Inc. v. Hyperion VOF*,[3] 07-cv-00631-RSM (closed) (the "Amiga Litigation") and *Hyperion VOF v. Amino Development Corporation*, 07-cv-01761-RAJ, styled as (the "Amino Litigation"), both of which were before Judge Martinez. (The Amino Litigation was transferred to Judge Martinez, and then stayed, but not consolidated.) The 2009 Settlement Agreement also settled *Itec, LLC v. Hyperion VOF*, a case brought in the Supreme Court of the State of New York, County of New York, Index No. 602246-07, and a series of opposition proceedings brought by Hyperion VOF in the Trademark Trial and Appeal Board of the United States Patent and Trademark Office against various trademark applications filed by Amiga, Inc.[4]

The complaint and counterclaims in the Amiga Litigation pertained to (a) alleged breaches by Hyperion of a development agreement entered into between predecessors of Amiga, Inc. and Hyperion, respectively, in 2001; (b) alleged trademark infringements by Hyperion in connection with its alleged breaches of contract; (c) the "insolvency" of an Amiga predecessor

---

[2] As discussed further below, Cloanto has, simultaneously with this Opposition, filed a Motion to Dismiss the Hyperion Action.
[3] Hyperion VOF was succeeded by Hyperion Entertainment CVBA during the pendency of the Amiga litigation.
[4] The actions settled by the 2009 Settlement Agreement are listed on p. 4, section "a" of ECF No. 7.1.

which allegedly invalidated transfers of intellectual property to Amiga, Inc.; and (d) the disposition of rights in Amiga operating system 4.0. These issues, however, were not litigated before Judge Martinez, except to the extent that Judge Martinez denied Amiga, Inc.'s motion for a preliminary injunction due to "the unresolved factual question" as to what the parties meant in a 2001 contract by the word "insolvent," and to disputes "regarding the payments and the completion date of OS 4.0," which matters, Judge Martinez found, could not be "resolved on the record before the Court as it now stands."

Following the denial of preliminary injunction, (a) Hyperion amended its counterclaims, adding Itec, LLC as a counterclaim defendant; (b) Hyperion initiated the Amino Litigation; (c) Judge Martinez dismissed Hyperion's counterclaims against Itec, LLC, for lack of personal jurisdiction; (d) Amiga, Inc. filed an Amended Complaint; and (e) Judge Martinez referred the Amiga Litigation and Amino Litigation to Magistrate J. Kelley Arnold "for the purpose of conducting a settlement conference in lieu of mediation, pursuant to Local Rule 39.1(e)." The complete dockets of the Amiga and Amino Litigations are attached hereto as Exhibits A and B, respectively.

Thereafter, and until Judge Martinez signed the Stipulated Judgment in the Amiga Litigation (ECF No. 9-3) on December 14, 2009 (and a Stipulated Order of Dismissal with Prejudice in the Amino Litigation on the same day), it was Magistrate Judge Arnold who was involved in the oversight and negotiation of the 2009 Settlement Agreement. This is shown in the docket entries in the Amino Litigation,

| 09/02/2008 | 22 | SCHEDULING ORDER for Settlement Conference: This matter has been referred to Judge Arnold to conduct a SETTLEMENT CONFERENCE. Settlement briefs/memorandums are due in chambers on 11/13/2008 by 4:00 PM. The briefs should contain a statement of the facts, issues for trial, the law, strengths and weaknesses of the parties' |

| | | case, each party's position after mediation held in this matter and a settlement figure. The briefs/memorandums should be delivered to Judge Arnold's chambers or submitted by fax to chambers at (253)882-3881. BRIEFS ARE TO BE CONFIDENTIAL AND NOT FILED WITH THE COURT OR SERVED ON OPPOSING COUNSEL. In addition to counsel, parties and representatives who have authority to settle are directed to be present in person. Settlement Conference set for 11/20/2008 at 09:00 AM in D Courtroom before Judge J. Kelley Arnold. by Judge J. Kelley Arnold. (AS) (Entered: 09/02/2008) |
|---|---|---|

and the Amiga Litigation:

| | | |
|---|---|---|
| 03/26/2009 | 144 | MINUTE ENTRY for proceedings held before Judge J. Kelley Arnold - **Settlement Conference continues via e-mail during month of March.** (AS) (Entered: 04/30/2009) |
| 04/06/2009 | 145 | MINUTE ENTRY for proceedings held before Judge J. Kelley Arnold - **Settlement Conference continues via e-mail and telephone conferences on 4/6/2009.** (AS) (Entered: 04/30/2009) |
| 07/20/2009 | 146 | MINUTE ENTRY for proceedings held before Judge J. Kelley Arnold - **Settlement Conference continues via e-mail on 7/13, 7/17 and 7/20/2009.** (AS) (Entered: 07/22/2009) |

Furthermore, the Stipulated Judgment signed by Judge Martinez dismissed only claims, counterclaim, cross claims, and third party claims (including any amendments) between Hyperion, Amiga, Inc., and Amino Development Corporation. It did not address those concerning Itec, LLC, which was not within the court's jurisdiction (but is a signatory to the 2009 Settlement Agreement). Nor did Judge Martinez retain jurisdiction over the Settlement Agreement for purpose of enforcement.

Hyperion's statement that the current case should be consolidated before Judge Martinez "[b]ecause of his oversight and knowledge about the 2007 case" thus misstates reality. First, the allegations at issue in both the instant action and the Hyperion Action do not involve the claims and counterclaims made by Hyperion and the Amiga Parties in the Amiga Litigation and Amino

Litigation. Those were dismissed with prejudice. Moreover, the dockets in those litigations show that the judge who presided over the negotiation of the 2009 Settlement Agreement was Magistrate Judge Arnold.

Given the absence of any serious reason to consolidate the cases before Judge Martinez, Defendant's motion to consolidate should be denied.

III. **Consolidation should be denied given that the Hyperion Action is subject to dismissal**.

Simultaneously with the filing of this Opposition, Cloanto has filed a Motion to Dismiss the Hyperion Action on the basis that Hyperion is not duly registered on the Belgian corporate register and therefore has no capacity to bring claims (including counterclaims). A copy of Cloanto's Motion to Dismiss is attached hereto as Exhibit C (Civil Action No.: 2:18-cv-00381-RSM, ECF Nos. 18-19)

Even if Cloanto's Motion to Dismiss is unsuccessful, the Hyperion Action is unlikely to survive an early motion for summary judgment. The First Amended Complaint against the Amiga Parties in the Hyperion Action is premised on two allegations: (a) that the Amiga Parties materially breached the 2009 Settlement by failing to cause Cloanto to provide Hyperion with a signed "Successor/Acquirer Agreement Form" (which appears on p. 22 of ECF No. 9-3); and (b) that the Amiga Parties materially breached the 2009 Settlement Agreement by not maintaining registration of the AMIGA trademark in the United States Patent and Trademark Office. The first allegation can no longer support Hyperion's action: on May 10, 2018, the Successor/Acquirer Agreement Form was executed by Cloanto and provided to Hyperion's counsel. A copy of that agreement is attached hereto as Exhibit D. One consequence of that agreement is that Hyperion's claim that Cloanto could exclude Hyperion from using the marks AMIGA OS and AMIGA ONE is merely hypothetical, not "of sufficient immediacy and reality

to warrant the issuance of a declaratory judgment." *Amazon.com, Inc. v. Nat'l Ass'n of College Stores, Inc.*, 826 F. Supp. 2d 1242, 1249-50 [cites omitted].

As for the second allegation, Hyperion cites section 7 of the 2009 Settlement Agreement which states that "The Parties agree not to, at any time, knowingly carry out any act or thing that may reduce the value of the <u>Licensed Marks</u> or detract from their reputation" (emphasis added), arguing that by letting the United States registration for AMIGA lapse, it reduced the value of the "Licensed Marks." However, the Licensed Marks do not include the AMIGA mark (ECF No. 9-3, 5 of 46, ¶i.), and the two marks licensed exclusively to Hyperion (ECF No. 9-3, 4 of 46, ¶g.), AMIGA ONE and AMIGA OS, were never registered. Moreover, the 2009 Settlement Agreement contains no provision requiring the Amiga Parties to register or maintain registration of any trademark anywhere in the world, let alone in the United States. The "Definitions" section of the 2009 agreement defines "Amiga Mark" as "any mark <u>owned and/or registered or licensed</u> by or to the Amiga Parties containing the word 'Amiga...'" (Emphasis added.) (ECF No. 9-3, 4 of 46, ¶c.)

Finally, under Section 2 of the 2009 Settlement Agreement (ECF No. 9-3, 8 of 46, §2), Hyperion is prohibited from instituting "any action, claim or proceeding anywhere in the world... (B) challenging ...(ii) the use and/or ownership of any Amiga Mark (other than an Exclusive Licensed Mark) by any Amiga Party or any licensee or successor to any Amiga Party (a 'Hyperion Prohibited Action'), unless the challenged activity constitutes a material breach of this Agreement..." The fact that the AMIGA registration in the United States lapsed is not a "challenged activity" contemplated by Section 2 of the 2009 Settlement Agreement. In other words, the Hyperion Action against Cloanto and the Amiga Parties is a "Hyperion Prohibited Action" and subject to dismissal.

IV.     **Conclusion**.

For the reasons stated above, Hyperion's motion to consolidate the instant case with the Hyperion Action before Judge Martinez should be denied. The instant action was the first-filed one; Judge Martinez did not preside over matters that are at issue either in this action or the Hyperion Action (and it was Magistrate Arnold who conducted settlement negotiations between Hyperion and the Amiga Parties); Hyperion lacks the capacity to sue Cloanto and the Amiga Parties; and Hyperion's claims against Cloanto and the Amiga Parties are prohibited by the terms of the 2009 Settlement Agreement.

Dated: July 23, 2018

                                                Respectfully submitted:
                                                GORDON E. R. TROY, PC
                                                    /s/ Gordon E. R. Troy, Esq.
                                       By: _____
                                                GORDON E. R. TROY, PC
                                                   Gordon E. R. Troy. *Pro hac vice*
                                                   5203 Shelburne Road
                                                   Shelburne, VT  05482
                                                   (802) 881-0640 Phone
                                                   (646) 588-1962 Fax
                                                   **gtroy@webtm.com** E-mail

                                               *Attorney for Plaintiff Cloanto Corporation*

# CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of July, 2018, I electronically filed the foregoing Opposition to Defendant's Motion to Consolidate and Exhibits with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Rhett V Barney RhettB@leehayes.com

Robert J Carlson bob@leehayes.com, litigation@leehayes.com, ShellyG@leehayes.com and soniav@leehayes.com

Sarah E Elsden Sarah.Elsden@leehayes.com, ShellyG@leehayes.com

                    GORDON E. R. TROY, PC
                         /s/ Gordon E. R. Troy, Esq.
    By: _____
                    GORDON E. R. TROY, PC
                      Gordon E. R. Troy
                      5203 Shelburne Road
                      Shelburne, VT  05482
                      (802) 881-0640 Phone
                      (646) 588-1962 Fax
                      gtroy@webtm.com E-mail

*Attorney for Plaintiff Cloanto Corporation*