THE HONORABLE JAMES L. ROBART

1

2

3

4

5

6

7

8

9

10

11

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| CLOANTO CORPORATION, a Nevada Corporation | No. 2:18−cv−00535−JLR |
| Plaintiff, | DEFENDANT'S REPLY IN SUPPORT OF MOTION TO CONSOLIDATE |
| vs. | **NOTE ON MOTION CALENDAR:** **July 27, 2018** |
| HYPERION ENTERTAINMENT C.V.B.A., | |
| Defendant. | |

12

13

14

15

16

17

18

19

## I.    RELIEF REQUESTED

20    Defendant Hyperion Entertainment C.V.B.A. ("Hyperion") respectfully requests this

21 Court grant its Motion to Consolidate, and consolidate this lawsuit with *Hyperion*

22 *Entertainment C.V.B.A. v. Itec LLC, Amiga, Inc., Amino Development Corp., and Cloanto*

23 *Corporation*, No. 2:18-cv-00381-RSM (the "381-action") to be heard before the Honorable

24 Ricardo S. Martinez. Consolidation of the two lawsuits is appropriate because (1) both lawsuits

25 have common issues of law and fact, (2) consolidation will not prejudice any party, and (3)

26 consolidation will further judicial economy and prompt resolution.

27

DEFENDANT'S REPLY IN SUPPORT OF
MOTION TO CONSOLIDATE - 1
No. 2:18−cv−00535−JLR

LEE & HAYES, PLLC
701 Pike Street, Ste. 1600
Seattle, WA 98101
Telephone: (206) 315-4001 Fax: (509) 323-8979

## II.   ANALYSIS

Both lawsuits Hyperion seeks to consolidate present common issues of law and fact, a point Cloanto concedes.[1] The legal theories in both actions are nearly identical. Both actions will continue to present the same legal issues as the parties prepare them in discovery and for trial. Further, consolidation of the actions will allow the parties to address any issues that arise one time before one court, rather than multiple times before multiple courts, promoting judicial economy. For example, the motion to dismiss recently filed by Plaintiff Cloanto Corporation ("Cloanto") to dismiss the 381-action (Dkt. # 38-3) alleging that Hyperion is unable to sue or be sued is yet another reason consolidation makes sense.

### A.   Legal standard.

While Cloanto does not appear to dispute the applicable legal standard, a brief summary may be helpful. Where two or more cases "involve a common question of law or fact" the Court is permitted to consolidate the actions. Fed. R. Civ. P. 42(a). "Common question of law and fact need not predominate, '[a]ll that is required is that the district court find they exist and that consolidation will prove beneficial.'" *Nelson v. Paulson*, 2008 WL 11347440, at *1 (W.D. Wash. 2008) (quoting 8 Moore's Federal Practice § 42.10 [2][a]).

In determining whether actions should be consolidated, this Court balances several factors, including (1) considerations of judicial economy, (2) whether consolidation will expedite resolution, (3) whether separate cases may yield inconsistent results, and (4) the potential prejudice, if any, to the party opposing consolidation. *See First Mercury Ins. Co. v. SQI, Inc.*, 2014 WL 496685, at *2 (W.D. Wash. 2014) (citing 8 *Moore's Federal Practice* § 42.10 [4-5]. *See also Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984) ("The district court . . . weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause."). Importantly, whether to consolidate is

---

[1] Dkt.# 38 at p. 3 (381-action Complaint "essentially mirrors Cloanto's Complaint").

DEFENDANT'S REPLY IN SUPPORT OF
MOTION TO CONSOLIDATE - 2
No. 2:18−cv−00535−JLR

LEE & HAYES, PLLC
701 Pike Street, Ste. 1600
Seattle, WA 98101
Telephone: (206) 315-4001 Fax: (509) 323-8979

left to this Court's broad discretion. *See Inv'rs Research Co. v. United States Dist. Court for Cent. Dist. Of Cal.,* 877 F.2d 777, 777 (9th Cir. 1989).

**B.    The consolidation factors tip heavily in favor of consolidation.**

Here, all factors tip heavily in favor of consolidation. Cloanto and Hyperion agree this 535-action and the 381-action involve many of the same common issues of law and fact: "given that the claims brought by Hyperion in the Hyperion Action against the Amiga Parties may, if that case proceeds, involve some of the same issues that arise in the instant action, Cloanto believes that consolidation in this Court would be the proper procedural outcome . . . . "[2] There is no argument this 535-action and the 381-action may yield inconsistent results. Likewise, Cloanto concedes consolidation is consistent with judicial economy and an expedient resolution. Further, there is absolutely no hint of prejudice. Rather, Cloanto recognizes that the consolidation would be procedurally proper.

Nevertheless, Cloanto simultaneously argues that consolidation should be denied because it believes the 381-action is subject to dismissal based on an (incorrect) assumption that Hyperion lacks the capacity to bring claims under Belgian law.[3] Merit considerations are not factors this Court considers in assessing whether consolidation is appropriate. *See First Mercury Ins. Co.*, 2014 WL 496685, at *2 (citing factors). Moreover, Cloanto's speculation that if its dismissal motion in the 381-action is unsuccessful, the 381-action will probably not survive a future summary judgment motion, is equally hypothetical and irrelevant.

Conversely, Cloanto's dismissal motion (filed in the 381-action) lends further support as to why consolidation is appropriate here. Specifically, *if* Cloanto were somehow correct that Belgian law prohibits Hyperion from filing suit – which it is not – Hyperion would also be immune from suit, which would inexorably require dismissal of this 535-action.[4] Although Cloanto's dismissal motion is not before this Court nor ripe for adjudication, its motion lends

---

[2] Dkt. # 38 at p. 4 (citation and emphasis omitted).

[3] *Id.* at pp. 7-8.

[4] *See* Dkt. # 38-3 at p. 5 (stating that "a party that lacks the capacity to sue *or be sued* should be dismissed") (citation omitted and emphasis added).

LEE & HAYES, PLLC
701 Pike Street, Ste. 1600
Seattle, WA 98101
Telephone: (206) 315-4001 Fax: (509) 323-8979

further credence as to why consolidation makes sense. Consolidating this case before Judge Martinez will allow one court to hear the dismissal motion, which – if granted – would substantively affect the outcome of *both* cases. For this reason and because <u>all</u> the factors this Court considers are met, consolidation is appropriate.

The real crux of Cloanto's opposition focuses on whether the Honorable Ricardo S. Martinez or the Honorable James L. Robart should retain the consolidated case.[5] Cloanto argues consolidation is appropriate in this 535-action under strict application of the first-to-file principle because this 535-action was technically filed in the Northern District of New York first (although it was moved to this Court after the 381-action was filed).[6] As set forth in the following section, consolidation into an action before Judge Martinez would promote judicial economy.

**C.    This Court should decline to apply the first-to-file rule in favor of judicial economy considerations supporting consolidation before the Honorable Ricardo S. Martinez.**

"The first-to-file rule is not absolute or mechanically-applied." *Jinni Tech Ltd. v. Red.com, Inc.*, 2017 WL 4758761, at *9 (W.D. Wash. 2017) (J. Robart) (citation omitted). This Court has declined to apply the rule when reasons of equity warrant deviation. *See id.* For example, a court may decline strict adherence to the rule if a party exhibits forum shopping. *Id.* (citing *Inherent.com v. Martindale-Hubbell*, 420 F.Supp.2d 1093, 1097 (N.D. Cal. 2006)).

Here, the parties agree that the 535-action and the 381-action both stem from the settlement of two prior actions before Judge Martinez (collectively, the "Judge Martinez Actions"), which related to a 2001 licensing and development agreement.[7] The parties also agree the Judge Martinez Actions were resolved, in part, under a 2009 settlement agreement affirmed

---

[5] Dkt. # 38 at pp. 4-7.

[6] *Id.* at p. 2.

[7] *Id*. at p. 4:7-13 (citing *Amiga, Inc. v. Hyperion VOF*, No. 07-cv-00631-RSM (closed) and *Hyperion VOF v. Amino Development Corporation*, 07-cv-01761-RAK (closed) and agreeing "both of which were before Judge Martinez").

(continued…)

DEFENDANT'S REPLY IN SUPPORT OF
MOTION TO CONSOLIDATE - 4
No. 2:18−cv−00535−JLR

LEE & HAYES, PLLC
701 Pike Street, Ste. 1600
Seattle, WA 98101
Telephone: (206) 315-4001 Fax: (509) 323-8979

by Judge Martinez.[8] Nevertheless, although it is undisputed Judge Martinez presided over both cases (and could continue to preside over the same subject matter now), Cloanto attempts to downplay Judge Martinez' involvement by pointing out that Judge Martinez later referred the Judge Martinez Actions to Magistrate J. Kelley Arnold to facilitate resolution.[9]

The dockets for the prior Judge Martinez Actions reflect that Judge Martinez was heavily involved from the outset and "familiar with the background." *Hyperion VOF v. Amino Development Corporation*, No. 07-cv-01761-RAK (closed), Dkt. # 20 (J. Martinez, Order on Pending Motions).

In fact, between the two Judge Martinez Actions, Judge Martinez issued at least twelve separate orders, including ruling on a preliminary injunction motion, motion to join parties, motion to dismiss claims, motion to quash, and other pretrial and discovery-related orders.[10] Judge Martinez spent 2 years and 7 months presiding over *Amiga, Inc. v. Hyperion VOF*, No. 07-cv-00631-RSM, while deciding substantive issues affecting the parties' claims. Contrary to Cloanto's assertion, Judge Martinez' involvement in the prior actions was hardly negligible.

Because the first-to-file rule is meant to "promote judicial efficiency"[11] and application is generally a matter for this Court's sound discretion, this Court should consolidate the 535-action and 381-action to be heard before Judge Martinez. The 535-action and 381-action do not present straight-forward issues. Rather, the issues are quite complex and require examining the issues resolved in the prior Judge Martinez Actions. Judge Martinez' institutional knowledge about the procedural and factual history warrant consolidating the 535-action with the 381-action. Simply, there is no good reason not to consolidate the two actions before Judge Martinez under the circumstances.

---

[8] Dkt. # 7-1 (in 381-action).

[9] Dkt. # 38 at p. 5: 3-15.

[10] *See Amiga, Inc. v. Hyperion VOF*, No. 07-cv-00631-RSM at Dkt. # 38, 65, 96, 97, 107, 116, 117, 119, 148. *See also Hyperion VOF v. Amino Development Corporation*, 07-cv-01761-RAK at Dkt. # 20.

[11] *Authentify Patent Co., LLC v. StrikeForce Technologies, Inc.*, 39 F.Supp.3d 1135, 1149 (W.D. Wash. 2014) (J. Martinez) (first-to-file rule is not absolute).

DEFENDANT'S REPLY IN SUPPORT OF
MOTION TO CONSOLIDATE - 5
No. 2:18−cv−00535−JLR

LEE & HAYES, PLLC
701 Pike Street, Ste. 1600
Seattle, WA 98101
Telephone: (206) 315-4001 Fax: (509) 323-8979

1

### III.    CONCLUSION

2       For all of the foregoing reasons, Hyperion respectfully requests the Court consolidate the

3   535-action with the 381-action to be heard before Judge Martinez.

4       Respectfully submitted this 27th day of July, 2018.

5
                                    By: s/ Robert J. Carlson
6                                   _____

                                    Robert J. Carlson, WSBA 18455
7                                   Lee & Hayes, PLLC
                                    701 Pike Street, Ste. 1600
8                                   Seattle, WA 98101
                                    Telephone: (206) 315-4001
9                                   Email:    Bob@leehayes.com

10                                  Rhett V. Barney, WSBA 44764
                                    Sarah E. Elsden, WSBA 51158
11                                  Lee & Hayes, PLLC
                                    701 Pike Street, Ste. 1600
12                                  Seattle, WA 98101
                                    Telephone: (206) 315-4001
13                                  Email:    RhettB@leehayes.com
                                    Email:    Sarah.Elsden@leehayes.com

14
                                    *Attorneys for Defendant*
15                                  *Hyperion Entertainment C.V.B.A.*

16

17

18

19

20

21

22

23

24

25

26

LEE & HAYES, PLLC
701 Pike Street, Ste. 1600
Seattle, WA 98101
Telephone: (206) 315-4001 Fax: (509) 323-8979

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of July 2018, I caused to have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

gtroy@webtm.com

mike@atkinsip.com

By: s/ Robert J. Carlson

Robert J. Carlson, WSBA 18455
Lee & Hayes, PLLC
701 Pike Street, Ste. 1600
Seattle, WA 98101
Telephone: (206) 315-4001
Fax: (509) 323-8979
Email:     Bob@leehayes.com

DEFENDANT'S REPLY IN SUPPORT OF
MOTION TO CONSOLIDATE - 7
No. 2:18−cv−00535−JLR

LEE & HAYES, PLLC
701 Pike Street, Ste. 1600
Seattle, WA 98101
Telephone: (206) 315-4001 Fax: (509) 323-8979